Paul M. Salmas
12823 Maxwell Dr
Tustin, CA 92782

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

Paul M. Salmas,

    Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

Case No.: SACV13-00575 DOC JPRx

COMPLAINT

TRIAL BY JURY DEMANDED

### PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 et seq., and the Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA") California Civil Code 1788 et seq.

### JURISDICTION

COMPLAINT   page 1

2. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1788.30(f), and 28 U.S.C. § 1331.

3. All conditions precedent have occurred or been performed.

## VENUE

1. The occurrences giving rise to this action occurred in Orange County, California, and Plaintiff resides in Orange County, California.

2. Venue is proper in the Central District of California Southern Division pursuant to 28 U.S.C § 1391.

## PARTIES

3. The Plaintiff, Paul M. Salmas (hereinafter "Plaintiff"), is a natural person residing in Orange County, California.

4. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), and the FDCPA 15 U.S.C. § 1692a(3).

5. Plaintiff is a "debtor" as defined by the RFDCPA California Civil Code 1788.2(h).

6. The Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter "Portfolio"), is a Delaware business entity with offices at 120 Corporate Blvd Ste 100, Norfolk, VA 23502.

7. Defendant, Portfolio, is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b).

8. Defendant, Portfolio, is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the RFDCPA California Civil Code 1788.2.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

9. TransUnion is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

10. Plaintiff obtained his consumer reports from the major consumer reporting agencies and found entries within the reports by entities that he was unfamiliar with.

11. Plaintiff found after examination of his TransUnion consumer report that Defendant, Portfolio, had obtained Plaintiff's TransUnion consumer report in September 2013.

12. Defendant, Portfolio, attempted to collect a "debt", as defined in 15 U.S.C. § 1692a(5).

13. In attempting to collect said debt, defendant, Portfolio, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

14. Discovery of the Defendant's actions occurred in February 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

15. Discovery of the Defendant's actions has caused Plaintiff emotional distress.

16. All violations complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal.

17. Plaintiff sent a notice to Defendant, Portfolio, of their violations of the FCRA in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's consumer report before taking civil action against them. Defendant failed to respond to the notice, thus failing to reach an acceptable agreement regarding damages to be paid to Plaintiff.

## COUNT I

## VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.

## WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT PORTFOLIO

18. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

19. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer report.

20. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

21. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from the Defendant, Portfolio.

22. At no time did Plaintiff give his consent for Defendant, Portfolio, to acquire his consumer report from any credit reporting agency.

23. Defendant, Portfolio, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b by obtaining Plaintiff's TransUnion consumer report on September 3, 2012 with no permissible purpose.

24. Defendant, Portfolio, willfully and/or knowingly obtained Plaintiff's consumer report with no permissible purpose violating the FCRA, 15 U.S.C. § 1681b and violating Plaintiff's right to privacy.

25. Defendant, Portfolio, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Portfolio breached said duty by failing to do so. There was no account that Portfolio had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

a. Adjudging that Defendant, Portfolio, violated the FCRA.

b. Awarding Plaintiff statutory damages, pursuant to the FCRA 15 U.S.C. § 1681n in the amount of $1000, against Defendant;

c. Awarding Plaintiff actual damages, in the amount of $1000, against Defendant;

d. Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

e. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant;

f. Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

## COUNT II

### VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.

### WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT PORTFOLIO

26. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

27. Defendant, Portfolio, failed to send Plaintiff a written notice within five days after the initial communication in violation of 15 U.S.C. § 16921g(a).

28. Defendant, Portfolio, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

WHEREFORE, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

a. Adjudging that Defendant, Portfolio, violated the FDCPA.

b. Awarding Plaintiff statutory damages, pursuant to the FDCPA 15 U.S.C. § 1692k in the amount of $1000, against Defendant;

c. Awarding Plaintiff actual damages, in the amount of $1000 against Defendant;

d. Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

e. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant;

f. Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

## COUNT III

## VIOLATION OF THE RFDCPA

### WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT PORTFOLIO

29. Plaintiff repeats and re-alleges each and every allegation stated above.

30. Defendant, Portfolio, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by failing to comply with the provisions of 15 U.S.C. § 1692b to 1692j.

31. Defendant, Portfolio, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

g. Adjudging that Defendant, Portfolio, violated the RFDCPA.

h. Awarding Plaintiff statutory damages, pursuant to the RFDCPA 1788.30 in the amount of $1000, against Defendant;

i. Awarding Plaintiff actual damages, in the amount of $1000, against Defendant;

j.  Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

k.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant;

l.  Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 10, 2013

Respectfully Submitted,

*[signature]*

Paul M. Salmas
12823 Maxwell Drive
Tustin, California 92782

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Paul M. Salmas <br> *Plaintiff(s)* <br> v. <br> PORTFOLIO RECOVERY ASSOCIATES, LLC <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. SACV13-00575 UA (DUTYx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  PORTFOLIO RECOVERY ASSOCIATES, LLC
 120 Corporate Blvd Ste 100
 Norfolk, VA 23502

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
 Paul M. Salmas
 12823 Maxwell Dr
 Tustin, California 92782

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: APR 12 2013

DODJIE LAGMAN
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Salmas, Paul M.

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

PORTFOLIO RECOVERY ASSOCIATES, LLC

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 6,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. § 1681 (FCRA),   15 U.S.C. § 1692 (FDCPA),   California Civil Code 1788 (RFDCPA)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13-00575 DOC JPRx**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | VIRGINIA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _/s/_  DATE: 4/10/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

**SACV13- 575 DOC (JPRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY