1 TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
2 CHRISTOPHER M. SPAIN (SBN 265465)
cspain@snllp.com
3 SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
4 San Francisco, CA 94104-4816
Telephone: (415) 283-1000
5 Facsimile:   (415) 352-2625

6 Attorneys for Defendant
Portfolio Recovery Associates, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         SOUTHERN DIVISION

11

12  PAUL M. SALMAS,                    )   CASE NO.: 13-cv-00575-DOC-JPR
                                       )
13              Plaintiff,             )   **DEFENDANT PORTFOLIO**
                                       )   **RECOVERY ASSOCIATES,**
14                                     )   **LLC'S NOTICE OF MOTION**
        vs.                            )   **AND MOTION TO DISMISS**
15                                     )   **COMPLAINT; MEMORANDUM**
                                       )   **OF POINTS AND AUTHORITIES**
16  PORTFOLIO RECOVERY                 )   **IN SUPPORT OF MOTION**
    ASSOCIATES, LLC,                   )
17                                     )   Date: August 19, 2013
                                       )   Time: 8:30 a.m.
18              Defendant.             )   Courtroom: 9D
                                       )
19                                     )   The Honorable David O. Carter
                                       )
20  ─────────────────────────         )

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on Monday, August 19, 2013 at 8:30 a.m. in courtroom 9D of the above Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable David O. Carter presiding, defendant Portfolio Recovery Associates, LLC ("Defendant") will and hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against it in the complaint.

This motion is made following the conference of counsel in an effort to comply with Local Rule 7-3, which took place by letter on July 5, 2013 after counsel for Defendant was unable to contact Plaintiff by telephone.  A copy of the July 5, 2013 letter is attached hereto as "**Exhibit A.**"  This motion is made on the grounds that the complaint fails to state facts sufficient to constitute a cause of action against Defendant under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; or the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.*

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

DATED: July 11, 2013   SIMMONDS & NARITA LLP
           TOMIO B. NARITA
           CHRISTOPHER SPAIN


           By:  /s/Christopher M. Spain
             Christopher M. Spain
             Attorneys for Defendant
             Portfolio Recovery Associates, LLC

# TABLE OF CONTENTS

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.  ALLEGATIONS OF THE COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

III. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

    A.   Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

    B.   Salmas Has Pled Himself Out Of His FCRA Claim. . . . . . . . . . . . .   4

    C.   Salmas Has Failed To Plead The Essential Elements Of An
        FDCPA Or Rosenthal Act Claim Against PRA. . . . . . . . . . . . . . . . . .   8

    D.   Salmas Has Failed To Plead Facts Sufficient To State A
        Claim Under The FDPCA And The Rosenthal Act. . . . . . . . . . . . . . .   9

IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

4
*Aquino v. Capital One Fin. Corp.*
2008 WL 1734752 (N.D. Cal. Apr. 14, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5
*Ashcroft v. Iqbal*
6
556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

7
*Baker v. Trans Union LLC*
2010 WL 2104622 (D. Ariz. May 25, 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

8
*Bell Atl. Corp. v. Twombly*
9
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

10
*Blair v. Bank of Am., N.A.*
11
2012 WL 860411 (D. Or. Mar. 13, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

12
*Breese v. TRIADvantage Credit Servs., Inc.*
393 F. Supp. 2d 819 (D. Minn. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

13
*Conley v. Gibson*
14
355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15
*Cordell v. Tilton*
16
515 F. Supp. 2d 1114 (S.D.Cal.2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

17
*Dokumaci v. MAF Collection Servs.*
2010 WL 2560024 (M.D. Fla. June 17, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18
*Gamble v. Citifinancial and Landers*
19
2002 WL 31643028 (D. Conn. Nov. 19, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 5

20
*Golden v. Wisconsin Physician's Serv. Health Ins. Corp.*
2010 WL 5289682 (E.D. Cal. Dec. 16, 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . . 9
21

22
*Great Seneca Fin. Corp. v. Fisher*
2005 WL 1875664 (D. Kan. Aug. 8, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

23
*Hyde v. RDA, Inc.*
24
389 F. Supp. 2d 658 (D. Md. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

25
*Ivey v. Bd. of Regents of the Univ. of Alaska*
673 F. 2d 266 (9th Cir.1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
26

27
*Johnson v. Riverside Healthcare Sys., L.P.*
534 F.3d 1116 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28

*Kaiser v. Braje & Nelson, LLP*
2006 WL 1285143 (N.D. Ind. May 5, 2006)... . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McNall v. Credit Bureau of Josephine County*
689 F. Supp. 2d 1265 (D. Or. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Miller v. Rubin & Rothman, LLC*
2011 WL 4359977 (D. Minn. Sept. 19, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Moss v. United States Secret Serv.*
572 F.3d 962 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Murray v. Sunrise Chevrolet, Inc.*
441 F. Supp. 2d 940 (N.D. Ill. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Myers v. Stoneleigh Recovery Assocs.*
2012 WL 1356752 (E.D. Cal. Apr. 18, 2012)... . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pretlow v. AFNI, Inc.*
2008 WL 345593 (W.D. Va. Feb. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Riley v. Equifax Credit Info. Servs., Inc.*
194 F. Supp. 2d 1239 (S.D. Ala. 2002)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Robinson v. TSYS Total Debt Managment, Inc.*
447 F. Supp. 2d 502 (D. Maryland 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rodriguez v. Cavalry Portfolio Servs., LLC*
2012 WL 726474 (S.D. Cal. Mar. 6, 2012)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sprewell v. Golden State Warriors*
275 F.3d 1187 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stergiopoulos v. First Midwest Bancorp., Inc.*
2004 WL 5550488 (N.D. Ill. June 23, 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stine v. Trotter*
2008 WL 4068904 (C.D. Cal. Aug. 28, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Washington v. South Shore Bank*
2004 WL 2038425 (N.D. Ill. Aug. 27, 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wilson v. Sessoms*
1998 WL 35305548 (M.D.N.C. Mar. 16, 1998)... . . . . . . . . . . . . . . . . . . . . . . . . 7

1

## FEDERAL STATUTES

2

Fair Credit Reporting Act
3     15 U.S.C. §§ 1681, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
      § 1681a(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
4     § 1681b(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      § 1681b(a)(3)(A-F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
5     § 1681b(a)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7
      § 1681b(f)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
6

7

8     Fair Debt Collection Practices Act
      15 U.S.C. § 1692 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
      § 1692a(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
9     § 1692b to § 1692j. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11
      § 1692g. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12
10    § 1692g(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12
      § 1692g(a)(3, 4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
11

12

13    Federal Rules of Civil Procedure
      Rule 8. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4
      Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 12
14

## STATE STATUTES

15

16    California Consumer Credit Reporting Agencies Act
      Cal. Civ. Code §§ 1785, *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . *passim*
17    § 1788.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18    Rosenthal Fair Debt Collection Practices Act
      Cal. Civ. Code § 1788 *et seq.*. . . . . . . . . . . . . . . . . . . . . . . . . *passim*
19    § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

20

## OTHER AUTHORITIES

21

22

23    16 C.F.R. Pt. 600, App (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

After Plaintiff Paul M. Salmas ("Plaintiff" or "Salmas") stopped paying on his Universal Credit Card account, it was charged-off and subsequently purchased by Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA"). PRA then attempted to collect the outstanding financial obligation pursuant to all federal and state laws governing debt collection and credit reporting.

Instead of paying the outstanding account, Salmas filed this federal action against PRA alleging they violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the California Fair Debt Collection Practices Act ("the Rosenthal Act") because they allegedly obtained his credit report without his knowledge or permission.  Salmas knows perfectly well why PRA would have pulled his credit report: as he alleges in his complaint, it would have done so because they were trying to collect a debt from him.  This allegation fatally undermines the only plausible claim in Salmas's complaint.

Salmas claims that PRA lacked a permissible purpose for accessing his credit report and therefore they violated the FCRA, FDCPA, and Rosenthal Act. Salmas's complaint must be dismissed because it fails to state a claim upon which relief can be granted.  Save for a few specific allegations regarding his discovery that PRA pulled his credit report, his subsequent correspondence to PRA, and their alleged failure to respond to his letter demanding "damages to be paid to [Salmas]," the complaint sets forth nothing more than a recitation of the language of various debt collection and credit reporting statutes, unsupported by any concrete factual allegations.  To the extent that he has set forth specific facts, Salmas has pled himself out of his FCRA claim or has no claims based on those allegations.  Beyond that, his conclusory allegations do not state a valid claim for

relief under the statutes he cites in his complaint.  Consequently, the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Unless Salmas can explain how he can plausibly amend the complaint to state a valid claim, the complaint should be dismissed with prejudice and without leave to amend.

## II.   ALLEGATIONS OF THE COMPLAINT

Salmas alleges that in February 2013, he discovered that PRA had "obtained" his credit report in September of 2013 without a permissible purpose. *See* Complaint (Doc. No. 3) at ¶ 11, 14, 23.  Significantly, Salmas also alleges that PRA is a "debt collector" and that PRA was attempting "to collect a 'debt.'" *Id.* at ¶ 8, 12.  Salmas further alleges that after discovering PRA had reviewed his credit report, he wrote to PRA to advise them of the alleged violations and to "reach a settlement . . . . before taking civil action."  *Id.* at ¶ 17.

By allegedly accessing his credit report without his knowledge or permission – "with no permissible purpose," *id.* at ¶ 23 – and by failing to respond to his correspondence, Salmas contends that PRA violated numerous laws.  First, he claims PRA violated the FCRA  *See id.* at ¶ 18-25.  Second, he claims PRA violated the FDCPA and the Rosenthal Act.  *See id.* at ¶ 26-31.

## III.   ARGUMENT

### A.   Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure provide little guidance on what a plaintiff must do to "state a claim" for relief, other than Rule 8, which says that a complaint must set forth a "short and plain statement of the

1  claim showing that the pleader is entitled to relief." *Id.*

2  The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

3  (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*")

4  represent a significant shift in the analytical framework that courts must use when

5  evaluating motions to dismiss.  In *Twombly*, the Court expressly rejected the "no

6  set of facts" test that had been articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46

7  (1957).  *See Twombly*, 550 U.S. at 562-63.  The Court clarified that although

8  "detailed factual allegations" are not required at the pleading stage, "labels and

9  conclusions, and a formulaic recitation of the elements of a cause of action will

10  not do." *Id.* at 555.  The complaint must contain factual allegations, and they

11  "must be enough to raise a right to relief above the speculative level." *Id.*  There

12  must be sufficient facts pled to state a claim to relief that is "plausible on its

13  face." *Id*. at 570.

14  The Supreme Court refined its analysis even further in *Iqbal*, reiterating

15  that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-

16  me accusation." *Iqbal*, 556 U.S. at 678.  Only a complaint that states "a plausible

17  claim for relief" can survive a motion to dismiss.  *Id.* at 679.  "A claim has facial

18  plausability when the plaintiff pleads factual content that allows the court to draw

19  the reasonable inference that the defendant is liable for the misconduct alleged. . .

20  The plausability standard is not akin to a 'probability requirement,' but it asks for

21  more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

22  A complaint that contains facts which are "merely consistent with" defendant's

23  liability is not sufficient, because it "stops short of the line between possibility

24  and the plausibility of entitlement to relief." *Id.*  (citations and quotation marks

25  omitted).

26  The court should not assume the truth of legal conclusions in the

27  complaint. *Id*.  Thus, the first step when evaluating a motion to dismiss is to

28

1  identify the legal conclusions, because they "are not entitled to the assumption of

2  truth.  While legal conclusions can provide the framework for a complaint, they

3  must be supported by factual allegations." *Id.* at 679.  Next, with respect to any

4  "well-pleaded factual allegations" in the complaint "a court should assume their

5  veracity and then determine whether they plausibly give rise to an entitlement to

6  relief." *Id.*  The determination of whether a plausible claim for relief has been

7  stated is "a context-specific task" that requires a court to "draw on its judicial

8  experience and common sense." *Id.*

9        Dismissal is therefore proper under Rule 12(b)(6) where a court finds

10  either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient

11  facts alleged under a cognizable legal theory.  *See Johnson v. Riverside*

12  *Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008).  As the Ninth Circuit

13  has observed:  "In sum, for a complaint to survive a motion to dismiss, the

14  non-conclusory factual content, and reasonable inferences from that content, must

15  be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United*

16  *States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks

17  omitted).  While *pro se* complaints are entitled to a liberal reading, "the Court

18  may not 'supply essential elements of claims that were not initially pled.'" *Stine*

19  *v. Trotter*, 2008 WL 4068904 (C.D. Cal. Aug. 28, 2008) (quoting *Cordell v.*

20  *Tilton*, 515 F. Supp. 2d 1114, 1128 (S.D.Cal.2007); *Ivey v. Bd. of Regents of the*

21  *Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir.1982)).

22        Salmas has not pled facts sufficient to support a plausible claim for relief

23  against PRA under any of the statutory provisions cited in his complaint,

24  consistent with the pleading requirements of Rule 8 and the decisions in *Iqbal*

25  and *Twombly*.  The complaint must be dismissed.

26  **B.    Salmas Has Pled Himself Out Of His FCRA Claim**

27        In his first cause of action, Salmas asserts that PRA violated the FCRA by

28

accessing his credit report with "no permissible purpose."  Complaint (Doc. No. 3) at ¶ 23.  Congress passed the FCRA as part of its efforts to balance the legitimate needs of users of consumer information (like PRA) with its concern for protecting consumer privacy.  *See* 15 U.S.C. §§ 1681(a), (b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009).  The FCRA was aimed at curbing the industry's worst abuses – it was not designed to prohibit all access to a consumer's credit file.  "The Fair Credit Reporting Act . . . was 'a product of political compromise enacted for the specific purpose of curbing only the *worst abuses* by the credit reporting industry and its clients."  *See Riley v. Equifax Credit Info. Servs., Inc.*, 194 F. Supp. 2d 1239, 1244 (S.D. Ala. 2002) (quoted citation omitted and emphasis added).

To further these competing interests, the FCRA governs how consumer credit information may be gathered, disseminated, and used.  A "consumer reporting agency ["CRA"] may furnish a consumer report" if the consumer provides written permission.  *See* 15 U.S.C. § 1681b(a)(2).  A consumer's consent to the release and use of the information, however, is not required.  *See Hyde v. RDA, Inc.*, 389 F. Supp. 2d 658, 663 n.1 (D. Md. 2005).

Instead, "[t]he FCRA allows a party to obtain a consumer credit report without the consumer's consent or knowledge if that party certifies that the report is being pulled for a permissible purpose."  *Stergiopoulos v. First Midwest Bancorp., Inc.*, 2004 WL 5550488, *2 (N.D. Ill. June 23, 2004), *aff'd* 427 F.3d 1043 (7th Cir. 2005); *accord Murray v. Sunrise Chevrolet, Inc.*, 441 F. Supp. 2d 940, 945 (N.D. Ill. 2006) ("Under FCRA, a consumer's credit report may only be obtained with the consumer's written consent **or** for certain permissible purposes." (emphasis added)); *Gamble v. Citifinancial and Landers*, 2002 WL 31643028, *2 (D. Conn. Nov. 19, 2002) ("Under the FCRA, there are circumstances pursuant to which a consumer's credit report may be obtained

without the consent or even the knowledge of the complaint."); 16 C.F.R. Pt. 600,
App (2005) ("When permissible purposes exist, parties may obtain, and consumer
reporting agencies may furnish, consumer reports without the consumers'
permission or over their objection.").  Congress set forth six permissible purposes
under which a CRA may furnish a consumer report.  *See* 15 U.S.C. §
1681b(a)(3)(A-F).

As relevant here, the FCRA provides that a CRA may "furnish a consumer
report . . . [t]o a person[1] which it has reason to believe":

> intends to use the information in connection with a credit transaction
> involving the consumer on whom the information is to be furnished and
> involving the extension of credit to, or review *or collection of an account
> of, the consumer*;

*Id.* § 1681b(a)(3)(A) (italics added).  A "person" may "use or obtain a consumer
report" if the report "is obtained for a purpose for which a consumer report is
authorized to be furnished under this section."  *Id.* § 1681b(f)(1).

Taken together then, sections 1681b(a)(3)(A) and 1681b(f)(1) permit
"persons who intend to use credit information to collect a debt owed by the
consumer" to obtain and use consumer reports from CRAs, even if the consumer
has not consented to the release of the report.  *See Baker v. Trans Union LLC*,
2010 WL 2104622, *7 (D. Ariz. May 25, 2010); *see also Great Seneca Fin. Corp.
v. Fisher*, 2005 WL 1875664, *2 (D. Kan. Aug. 8, 2005) (creditor may obtain
consumer report under § 1681b(a)(3)(A) "without the debtor's permission if the
creditor 'intends to use the information in connection with . . . review or

---

[1]   A "person" is "any individual, partnership, corporation, trust, estate,
cooperative, association, government or governmental subdivision or agency, or other
entity."  15 U.S.C. § 1681a(b).

1  collection" of consumer's account).[2] "'Whether a permissible purpose existed is

2  a question of law.'" *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977, *3 (D.

3  Minn. Sept. 19, 2011), quoting *Breese v. TRIADvantage Credit Servs., Inc.*, 393

4  F. Supp. 2d 819, 821 (D. Minn. 2005).

5       Debt collection and "skip tracing" – which are the only reasons that PRA

6  would have accessed Salmas's credit report – are both permissible purposes under

7  section 1681b(a)(3)(A) of the Act. *See Blair v. Bank of Am., N.A.*, 2012 WL

8  860411, *9 (D. Or. Mar. 13, 2012) (permissible to access credit report in

9  connection with collection of debt); *Rodriguez v. Cavalry Portfolio Servs., LLC*,

10  2012 WL 726474, *1 (S.D. Cal. Mar. 6, 2012) ("A debt collector may access a

11  consumer's credit report in the course of collecting a credit card debt from that

12  consumer."); *Baker*, 2010 WL 2104622 at *7 ("Because skip-tracers are in the

13  business of locating debtors to facilitate the collection of debts by creditors," the

14  court explained, "their practices fall within the scope of permissible purposes

15  under § 1681b(a)(3)(A)."); *McNall v. Credit Bureau of Josephine County*, 689 F.

16  Supp. 2d 1265, 1273 (D. Or. 2010) (rejecting argument that "running a credit

17  report to obtain" consumer's address was not a permissible purpose); *Great

18  Seneca Fin. Corp.*, 2005 WL 1875664 at *2; *Washington*, 2004 WL 2038425 at

19  *5; *Wilson v. Sessoms*, 1998 WL 35305548, *4 (M.D.N.C. Mar. 16, 1998)

20  (recognizing that skip tracing "is generally a permissible purpose under the

21  FCRA").

22       Salmas pled himself out of his FCRA claim. *See Sprewell v. Golden State

23  Warriors*, 266 F.3d 979, 988 (9th Cir. (plaintiff can "plead himself out of a claim

24

25       [2] Even persons who merely desire to determine whether a debt is collectible
26  may obtain and use a consumer report under section 1681b(a)(3)(A). *See Washington
    v. South Shore Bank*, 2004 WL 2038425, *5 (N.D. Ill. Aug. 27, 2004) (concluding
27  that "obtaining a credit report to determine . . . whether a creditor should even pursue
28  a delinquent debt" is a permissible purpose).

1   by including . . . details contrary to his claim"), *amended by* 275 F.3d 1187 (9th

2   Cir. 2001).  In his complaint, Salmas explicitly alleges that PRA is a "debt

3   collector" and that by pulling his credit report PRA "attempted to collect a

4   'debt.'"  Complaint (Doc. No. 3) at ¶ 8, 12.  Where a plaintiff alleges that a

5   defendant pulled a credit report without a permissible purpose, but also alleges

6   that the defendant is a debt collector and was attempting to collect a debt, the

7   plaintiff has failed to state a claim.  *See Myers v. Stoneleigh Recovery Assocs.*,

8   2012 WL 1356752, **5-6 (E.D. Cal. Apr. 18, 2012).  Salmas's FCRA claim must

9   be dismissed.

### C.    Salmas Has Failed To Plead The Essential Elements Of An FDCPA Or Rosenthal Act Claim Against PRA

12       In his last two causes of action, Salmas contends that PRA violated the

13  FDCPA and the Rosenthal Act.  *See* Complaint (Doc. No. 3) at ¶ 26-31.  To state

14  a claim under the FDCPA, a plaintiff must not only identify the applicable section

15  of the FDCPA under which relief is sought, but must allege facts showing that the

16  different elements of the cause of action are satisfied.  *See, e.g.*, *Dokumaci v.*

17  *MAF Collection Servs.*, 2010 WL 2560024, *1 (M.D. Fla. June 17, 2010) ("In

18  order to state a claim under the FDCPA, a plaintiff must show: (1) that he has

19  been subject to collection activity arising from a consumer debt; (2) that the

20  defendant is a debt collector as defined by the FDCPA; and (3) that the defendant

21  has participated in an act or omission prohibited by the FDCPA.").  Accordingly,

22  "[t]o state a claim for violation of the Fair Debt Collection Practices Act, a

23  plaintiff must allege, *inter alia*, that . . . the defendant collecting the 'debt' is a

24  'debt collector' . . . ."  *Aquino v. Capital One Fin. Corp.*, 2008 WL 1734752, *1

25  (N.D. Cal. Apr. 14, 2008) (internal quotation marks omitted; ellipses in original);

26  *see Dokumaci*, 2010 WL 2560024 at *1.

27       Although he asserts that PRA is a "debt collector" within the meaning of

28

the FDCPA and the Rosenthal Act,[3] *see* Complaint (Doc. No. 3) at ¶ 8, Salmas has not alleged facts sufficient to support this assertion.  In other words, his unsupported assertion is nothing more than a bald legal conclusion, which is insufficient.  *See Stejic v. Aurora Loan Servs., LLC*, 2009 WL 4730734, *3 (D. Ariz. Dec. 1, 2009) (holding that "Plaintiff's legal conclusion that [defendant] . . . is a debt collector is insufficient to survive dismissal"); *Golden v. Wisconsin Physician's Serv. Health Ins. Corp.*, 2010 WL 5289682, **7-8 (E.D. Cal. Dec. 16, 2010) (dismissing Rosenthal Act claim where plaintiff failed to set forth facts suggesting that defendant was debt collector).  Consequently, Salmas's FDCPA and Rosenthal Act claims against PRA must be dismissed.

### D.   Salmas Has Failed To Plead Facts Sufficient To State A Claim Under The FDPCA And The Rosenthal Act

Even if Salmas had adequately alleged that PRA was a "debt collector," the conclusory statements contained in his complaint are insufficient to allege a cognizable claim under the FDCPA or the Rosenthal Act.  Although Salmas has identified various sections of the FDCPA and the Rosenthal Act he claims PRA violated, he has failed to set forth any facts that might satisfy the elements of those claims.

Thus, Salmas merely alleges that PRA "failed to send [Salmas] a written notice within five days after the initial communication in violation of 15 U.S.C. §

---

[3]  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Similarly, the Rosenthal Act defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Cal. Civ. Code § 1788.2(c).  "Debt collection" is "any act or practice in connection with the collection of consumer debts."  *Id.* § 1788.2(b).

1  1692g(a)" and "[PRA] demonstrated willful and/or knowing noncompliance with

2  [Rosenthal Act § 1788.17] by failing to comply with the provisions of 15 U.S.C.

3  § 1692b to 1692j."  Complaint (Doc. No. 3) at ¶ 27, 30.  These conclusory

4  statements, which simply parrot the language of the FDCPA, are insufficient to

5  allege a cognizable claim under the FDCPA or the Rosenthal Act.

6      Section 1692g(a) of the FDCPA mandates that a debt collector must

7  provide the consumer with a written notice setting forth the consumer's right to

8  dispute the debt "[w]ithin five days after its initial communication with a

9  consumer in connection with the collection of any debt," or "in the initial

10  communication" itself.  *See* 15 U.S.C. § 1692g(a).[4]  The plain language of the

11  FDCPA provides that a collector need not send the section 1692g notice until five

12  days <u>after</u> the collector has actually had the first "communication" directly "with

13  a consumer" concerning the debt.  The Act is crystal clear on this point: it does

14  not say the notice must be provided within five days of any "attempted"

15  communication with the consumer, nor does it say the notice must be given

16  within five days of a communication with a third party.  The notice is not required

17  until five days after the collector actually communicates "with a consumer" in

18  connection with an attempt to collect.

19

20      [4]  The notice must convey, *inter alia*, the following:

21

22  (3)  a statement that unless the consumer, within thirty days after receipt of
        the notice, disputes the validity of the debt, or any portion thereof, the
23       debt will be assumed to be valid by the debt collector;

24  (4)  a statement that if the consumer notifies the debt collector in writing
        within the thirty-day period that the debt, or any portion thereof, is
25       disputed, the debt collector will obtain verification of the debt or a copy
        of a judgment against the consumer and a copy of such verification or
26       judgment will be mailed to the consumer by the debt collector.
27

28  15 U.S.C. § 1692g(a)(3, 4).

1   Salmas's claims under sections 1692g(a) fail because he has not alleged

2   that PRA ever communicated with him.  While Salmas vaguely alleges that PRA

3   "engaged in communications[,]" numerous courts have recognized that

4   communications with consumer reporting agencies or other third parties do not

5   trigger an obligation to send the section 1692g notice to the consumer.  *See, e.g.,*

6   *Robinson v. TSYS Total Debt Managment, Inc.*, 447 F. Supp. 2d 502, 508-09 (D.

7   Maryland 2006) (granting summary judgment for defendant on § 1692g claim:

8   allegation that Defendant "communicated the debt to Plaintiff's credit report,"

9   thus triggering obligation to send § 1692g notice, does not support § 1692g claim

10   "because it is not a communication with a consumer"); *Pretlow v. AFNI, Inc.*,

11   2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008) (dismissing § 1692g claim where

12   plaintiff only alleged communications between defendant and consumer reporting

13   agencies); *Kaiser v. Braje & Nelson, LLP*, 2006 WL 1285143, *4 (N.D. Ind. May

14   5, 2006) (granting summary judgment on § 1692g claim where all

15   communications were with debtor's attorney, not with debtor).

16   Given this, the notice requirements under § 1692g were never triggered,

17   and Salmas's claim fails as a matter of law.  *See Pretlow*, 2008 WL 345593 at *1

18   ("Moreover, the validation provision of § 1692g is triggered only by the

19   consumer's receipt of the formal 'written notice' that the debt collector is

20   required to send under § 1692g(a).  Plaintiffs' have not alleged that they received

21   any communications from Defendant which would form the basis of a debt

22   validation claim.").

23   Section 1788.17 of the Rosenthal Act incorporates by reference the various

24   provisions of the FDCPA that Salmas claims PRA violated.  *See* Cal. Civ. Code §

25   1788.17.  In his Complaint, Salmas simply states that "[PRA] demonstrated

26   willful and/or knowing noncompliance with [Rosenthal Act § 1788.17] by failing

27   to comply with the provisions of 15 U.S.C. § 1692b to 1692j."  Complaint (Doc.

28

No. 3) at ¶ 30.  As shown above, if Salmas's Rosenthal Act claim is based on the alleged violation of § 1692g(a) of the FDCPA, he cannot succeed.  Beyond that, the Complaint fails to allege any other violation of the FDCPA, nor has Silas pleaded any facts to support any such allegation.  His Rosenthal Act claim fails on its face and should be dismissed.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, PRA respectfully request that the Court issue an Order dismissing the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Unless Salmas demonstrates in advance that he can amend his complaint to state a valid claim, the complaint should be dismissed with prejudice.

DATED: July 11, 2013             SIMMONDS & NARITA LLP
                                 TOMIO B. NARITA
                                 CHRISTOPHER M. SPAIN

                                 By:    s/Christopher M. Spain
                                        Christopher M. Spain
                                        Attorneys for Defendant
                                        Portfolio Recovery Associates, LLC

# EXHIBIT A

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4816
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

CHRISTOPHER M. SPAIN
DIRECT DIAL (415) 283-1012
EMAIL cspain@snllp.com

July 5, 2013

**VIA U.S MAIL**
Paul M. Salmas
12823 Maxwell Drive
Tustin, CA 92782

Re:   *Salmas v. Portfolio Recovery Associates, LLC*

Dear Mr. Salmas:

This firm represents Portfolio Recovery Associates, LLC ("PRA") in connection with your lawsuit that is pending in the United States District Court for the Central District of California, case number 8:13-cv-00575-DOC-JPR.

Pursuant to Local Rule 7-3, I am writing to inform you that PRA intends to file a motion to dismiss the complaint filed March 12, 2013 under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that your complaint fails to state a claim upon which relief can be granted.

Please call me if you wish to discuss this further.

Very truly yours,

Christopher M. Spain

## Christopher Spain

| | |
|---|---|
| **From:** | Christopher Spain |
| **Sent:** | Friday, July 05, 2013 2:06 PM |
| **To:** | 'paulsalmas@gmail.com' |
| **Cc:** | Tomio Narita |
| **Subject:** | Salmas v. Portfolio Recovery Associates, LLC |

Dear Mr. Salmas:

This firm represents Portfolio Recovery Associates, LLC ("PRA") in connection with your lawsuit that is pending in the United States District Court for the Central District of California, case number 8:13-cv-00575-DOC-JPR.

Pursuant to Local Rule 7-3, I am writing to inform you that PRA intends to file a motion to dismiss the complaint filed March 12, 2013 under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that your complaint fails to state a claim upon which relief can be granted.

Please call me if you wish to discuss this further.

Very truly yours,

Christopher M. Spain
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California  94104
Direct line (415) 283.1012
Main Line (415) 283.1000
Fax (415) 352.2625
email:  cspain@snllp.com
www.snllp.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee), you
may not use, copy or disclose to anyone the message or any information
contained in the message. If you have received the message in error, please
advise the sender by reply e-mail @snllp.com, and delete the message.
Thank you very much.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)   **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Paul M. Salmas
12823 Maxwell Drive
Tustin, CA 92782
Plaintiff in pro per

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California on this 11th day of July, 2013.

_____
Christopher M Spain