# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

PAUL M. SALMAS,

                 Plaintiff(s),

    V.

PORTFOLIO RECOVERY
ASSOCIATES LLC,

                 Defendant(s).

CASE NO. **SACV 13-0575-DOC(JPRx)**

**ORDER SETTING SCHEDULING CONFERENCE FOR**

**September 30, 2013 at 8:30 a.m., Courtroom 9-D**

**READ IMMEDIATELY**

      This action has been assigned to the calendar of Judge David O. Carter.  The responsibility for the progress of litigation in the federal courts falls not only upon the attorneys in the action, but upon the Court as well.  Accordingly, the Court issues this Order.

      In order "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, all counsel shall familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.[1]  All civil actions or proceedings will be pre-tried according to Federal Rules of Civil Procedure 16 and 26 and applicable Local Rules.

      Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, the Court encourages the parties to begin discovery before the Scheduling Conference.  The parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery,  because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

---

[1]Copies of the Local Rules are available at: <www.cacd.uscourts.gov>

**RULE 26(f) CONFERENCE OF PARTIES**

Counsel shall confer pursuant to Federal Rule of Civil Procedure 26(f).  This conference shall occur at least twenty-one (21) days before the Scheduling Conference set by the Court.

**RULE 26(f) REPORT**

The parties shall file their Rule 26(f) report with the Court no later than fourteen (14) days prior to the Scheduling Conference set by the Court.  The report shall contain the following:

(1)      a short factual summary of the case and of claims and defenses;

(2)      a short synopsis of the principal issues in the case;

(3)      a statement of whether parties are likely to be added and whether the pleadings are likely to be amended (counsel should note that the Court sets a deadline of ninety (90) days after the date the Scheduling Order is issued for the joinder of parties and the amendment of pleadings; any motions to join parties or for leave to amend must be filed within sixty (60) days of the day the Scheduling Order is issued to allow them to be determined prior to the  90-day deadline);

(4)      a statement as to issues which any party believes may be determined by motion and a listing of then-contemplated law and motion matters;

(5)      a statement of what settlement discussions have occurred and what settlement procedure is recommended, pursuant to Local Rules 16-15 through 16-15.9 (specifically excluding any statement of the terms discussed and specifically including, if mediation is chosen, the particular mediator who has been chosen);

(6)      a discovery plan, which should set forth discovery phases, the order of discovery, and any limitations on discovery;

(7)      a statement of whether trial will be by jury or to the Court and a realistic estimated length of trial (mindful that the Court generally conducts a **four (4) day timed jury trial**, where each side is given ten (10) hours, excluding jury selection, opening statement and closing argument);

(8)      a statement of any other issues affecting the status or management of the case; and

(9)      four **proposed,** *specific* **dates** as follows:

          (a)      a discovery cut-off date;

(b)     a final motion cut-off date, **which should be a Monday and will be the day on which motions will be heard** (counsel should note that motions will need to be filed several weeks in advance of this date as required by Local Rule 6; ordinarily the motion cut-off should be approximately forty-five (45) days after the discovery cut-off);

(c)     a date for the Final Pretrial Conference, **which should be a Monday**; and

(d)     a date for trial, **which should be a Tuesday**.

After the parties have selected these dates, ***continuances are rarely granted*** due to the Court's heavy case load and in fairness to other litigants before the Court.

A report that does not comply with Rule 26(f) and this Order may subject the party or parties responsible to sanctions under Local Rule 83-7.  Counsel for all parties participating in the conference of parties should sign the report.

**SCHEDULING CONFERENCE AND SCHEDULING ORDER**

As indicated in this Order, this case has been placed on the Court's calendar for a Scheduling Conference pursuant to Rule 26(f) in this Court at 8:30 a.m.  The parties shall be represented at the Scheduling Conference by **lead counsel**.  A continuance of the Scheduling Conference will be granted rarely and only for good cause and will not be granted if a continuance would result in the Scheduling Conference being set after the time limit for the Court to issue a Scheduling Order under Rule 16(b).

The Court usually issues Scheduling Orders pursuant to Rule 16(b) at or after the Scheduling Conference.

**SETTLEMENT PROCEDURES**

A settlement procedure appropriate to the particular case will be used in every civil action.  *See* Local R. 16-14.4.  In their Rule 26(f) report, counsel are to recommend a specific settlement procedure provided for in Local Rule 16-14.4.  Available alternatives include:

(1)     appearance before a retired judicial officer or other private or non-profit dispute resolution body for settlement or mediation proceedings (if chosen, the particular mediator selected should be indicated);

(2)     appearance before an attorney selected from the Attorney Settlement Officer Panel;

(3)     if one of the parties is a public entity, a settlement conference before the magistrate judge

3

assigned to this case; or

(4)     such other settlement mechanism proposed by the parties and approved by the Court.

The report to the Court concerning settlement procedures should be preceded by a thorough and frank discussion among the attorneys for the parties.

**MOTION MATTERS**

In motion matters, counsel should note the timing and service requirements of Local Rules 6 and 7 and their sub-parts, including:

(1)     Rule 6-1 (twenty-eight (28) days notice for all motions unless served by mail, in which case thirty-one (31) days is required) (notice of motion and moving papers to be filed twenty (28) days before the hearing date);

(2)     Rule 7-9 (responses to all motions twenty-one (21) calendar days before the hearing date); and

(3)     Rule 7-10 (reply, if any, to all responses fourteen (14) calendar days before the hearing date).

Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters.

**COURT APPEARANCES**

Parties shall be represented at **all** court appearances by **lead counsel**.  Personal appearance is required at all court appearances.

Under no circumstances should counsel, or a party if the party is appearing *pro se*, fail to appear at a court appearance unless the appearance has been waived by prior order of the Court.  Even if a settlement has been reached, counsel for all parties, or the party if appearing *pro se*, must appear at Court appearances until a stipulation of dismissal signed by all parties has been lodged with the Court.

**OTHER**

Counsel are required to electronically file all papers in accordance with General Order 10-07.

All appropriate inquiries should be directed to Julie Barrera,  Deputy Court Clerk, at (714) 338-4543.  Counsel should not attempt to contact chambers directly.  Counsel should list their facsimile transmission numbers and email addresses on their papers in order to facilitate communication by the Deputy Court Clerk.

Plaintiff shall serve a copy of this Order on any as-yet unserved Defendants when Plaintiff serves the Complaint on them.

IT IS SO ORDERED.

DATED: July 15, 2013

_____
DAVID O. CARTER
United States District Judge