FILED

2013 NOV -5  PM 12: 42

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA A

BY:

1  Paul M. Salmas
2  12823 Maxwell Dr
   Tustin, CA 92782
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                 SOUTHERN DIVISION
11
12
13  Paul M. Salmas,                    Case No.: SACV13-00575-DOC-(JPRx)
14              Plaintiff,             **FIRST AMENDED COMPLAINT**
15  vs.                               TRIAL BY JURY DEMANDED
16  PORTFOLIO RECOVERY ASSOCIATES, LLC,
17
18              Defendant.
19
20              **PRELIMINARY STATEMENT**
21  1.  This is an action for damages brought from violations of the Fair Credit Reporting Act
22
23      (hereinafter "FCRA") 15 U.S.C. §1681 et seq., the Fair Debt Collection Practices Act
24      (hereinafter "FDCPA") 15 U.S.C. §1692 et seq., the Rosenthal Fair Debt Collection
25      Practices Act (hereinafter "RFDCPA") California Civil Code 1788 et seq., the Consumer
26      Credit Reporting Agencies Act (hereinafter "CCRAA") California Civil Code 1785 et seq.
27  //
28

**JURISDICTION**

2. This court has jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. § 1692k(d), California Civil Code 1785.33, 28 U.S.C. § 1331, and 28 U.S.C. § 1337; and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

**VENUE**

3. Venue is proper in the Central District of California Southern Division pursuant to 28 U.S.C § 1391 as Plaintiff resides in Orange County, California.

**PARTIES**

4. Plaintiff, Paul M. Salmas (hereinafter "Plaintiff"), is a natural person residing in Orange County, California.

5. Plaintiff is a "consumer" within the meaning of the FCRA 15 U.S.C. § 1681a(c), the FDCPA 15 U.S.C. § 1692a(3), and the CCRAA California Civil Code 1785.3(b).

6. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is **alleged** to be due and owing from such person.  Plaintiff is therefore a "debtor" as defined by the RFDCPA California Civil Code 1788.2(h), strictly and exclusively with relation to all matters pertaining to the RFDCPA.  At all times relating to this case, outside of the RFDCPA, Plaintiff is a "consumer", as described in paragraph 3 above.

7. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter "Portfolio"), is a Delaware business entity with offices at 120 Corporate Blvd Ste 100, Norfolk, VA 23502.

8. Defendant, Portfolio, is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b), the CCRAA California Civil Code 1785.3(j), and the RFDCPA California Civil Code 1788.2(g);

9. Defendant, Portfolio, is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) , and the RFDCPA California Civil Code 1788.2.

10. Defendant, Portfolio, uses instrumentality of interstate commerce or the mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11. TransUnion is a "consumer reporting agency" within the meaning of the FCRA 15 U.S.C. § 1681a(f), and a "consumer credit reporting agency" within the meaning of the CCRAA California Civil Code 1785.3(d).

12. Plaintiff received a letter on or about February 1 from Defendant, Portfolio dated January 23, 2013. (see "Exhibit A")

13. Said letter had large bold capitalized font saying "**A NEW START TO A NEW YEAR! PUT YOUR TAX REFUND TO WORK – CALL 1-800-772-1413 – YOUR SAVINGS ARE WAITING! ARE YOU ELIGIBLE FOR A TAX CREDIT OR REFUND? Go to www.irs.gov to find out if you qualify or an earned income tax credit, free tax preparation, or one of many tax credits available.**"

14. Immediately below the text quoted in paragraph 4 were three boxes describing payment options, with emphasis in bold red font on how much could be saved.

15. In even larger bold red text, the letter has displayed dead center to call their phone number to discuss payment arrangements.

Case #: SACV13-00575-DOC-(JPRx)
First Amended Complaint

16. The bottom of the letter states what is known in the debt collection industry as the "mini-Miranda", which states "This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose."

17. Through this letter, Defendant, Portfolio, attempted to collect a non-existent "debt" alleged to be owed, as defined in 15 U.S.C. § 1692a(5) and California Civil Code 1788.2(d).

18. Below that is written "NOTICE SEE REVERSE SIDE FOR IMPORTANT INFORMATION"

19. Plaintiff turned over the letter and found the outside of the mailing.  There was no "important information" to be referenced.

20. Plaintiff then eventually found hidden on the inside of a page glued to the letter that indicates "Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency."

21. Plaintiff found this important information to be deceptively hidden due to the design of this letter.

22. The letter states a seller as "NCO PORTFOLIO MANAGEMENT INC" and a merchant as " UNIV CARD"

23. Plaintiff is not familiar with entity "NCO PORTFOLIO MANAGEMENT INC"

24. Plaintiff is not familiar with entity "UNIV CARD"

25. Upon further research, Plaintiff found "NCO PORTFOLIO MANAGEMENT INC" relate to NCO Group, a major debt buyer.

26. This is the first communication Plaintiff has received from Defendant, Portfolio.

27. The letter has no indication as to where or how this alleged debt originated.

28. Plaintiff sent a letter on February 27, 2013 via USPS Certified Mail disputing this alleged debt and demanding validation (see "Exhibit B").

29. Plaintiff received a response from Portfolio in regards to Plaintiff's February 27, 2013 letter (see "Exhibit C"). This response was dated March 6, 2013.

30. This response stated that the "Account Number… and its proceeds were sold, assigned and transferred by the Seller to Portfolio Recovery Associates, LLC on 06/30/2005. At the time of the sale, the Seller provided an electronic file of its business records concerning this account. According to the Seller's records, there was due and payable from Paul M Salmas to the Seller in the sum of $1,520.27 with respect to the account, as of 06/30/2005…"

31. The response letter shows a summary of additional information, which shows a "Date Account Opened Provided by Seller" to be 01/07/1998.

32. There was no indication as to how the alleged balance was calculated.

33. There was no indication as to where the alleged balance originated.

34. There was no indication as to an obligation that Plaintiff is responsible for the balance.

35. There was no attached copy of a sale, assignment, or transfer, as this letter indicates to be the origin.

36. This letter further stated "If you wish to dispute this account, please send written documentation describing the nature of your dispute…"

37. In Plaintiff's February 27, 2013 letter, he has clearly disputed this alleged debt by writing "I… dispute the alleged debt in its entirety."

38. Defendant's March 6, 2013 letter had attached a form to be completed for identity theft claims along with instructions for filing a dispute related to identity theft/fraud.

Case #: SACV13-00575-DOC-(JPRx)
First Amended Complaint

39. Nowhere has Plaintiff in his February 27, 2013 letter indicated or implied there may be some type of identity theft or fraud.

40. Plaintiff responded back to Defendant's March 6, 2013 letter with another letter clearly stating "I am in receipt of your correspondence dated March 6, 2013 attempting to collect a debt... Unfortunately, the information you furnished does not constitute legal and proper validation of this alleged debt. There's no contract to show my obligation and commitment to this alleged debt, no general ledger accounting that was supplied along with a contract, and that information was not supplied by someone identified as the person who created and maintains those records and verified – sworn to under penalty of perjury to be true, accurate and not misleading. I dispute the alleged debt in its entirety."

41. Plaintiff received no follow-up correspondence from Defendant.

42. Due to Defendant's inability to properly validate the alleged debt and failure to follow up with proper validation, Plaintiff believed Defendant had been willingly and knowingly attempting to collect an alleged debt that Defendant had no right to collect.

43. Fraud is defined as "A false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act to his legal injury."[1]

44. Plaintiff obtained his consumer reports in February 2013 from the major consumer reporting agencies and found entries within the reports by entities that he was unfamiliar with.

45. Plaintiff found after examination of his TransUnion consumer report that Defendant, Portfolio, had obtained Plaintiff's TransUnion consumer report in September 2012.

46. Discovery of the Defendant's actions has caused Plaintiff emotional distress.

47. All violations complained of herein occurred within the statute of limitations of the applicable statutes, both state and federal.

48. Plaintiff sent a notice to Defendant, Portfolio, of their violations of the FCRA in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's consumer report before taking civil action against them. Defendant failed to respond to the notice, thus failing to reach an acceptable agreement regarding damages to be paid to Plaintiff.

## COUNT I

### VIOLATION OF THE FCRA 15 U.S.C. § 1681 ET SEQ.

### WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT PORTFOLIO

49. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

50. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer report.

51. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, employment, underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry, or in connection with the hiring of a dwelling unit.

52. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from the Defendant, Portfolio.

---

[1] Black's Law Dictionary, 5th ed. Page 594.

Case #: SACV13-00575-DOC-(JPRx)
First Amended Complaint

53. At no time did Plaintiff give his consent for Defendant, Portfolio, to obtain his consumer report from any consumer reporting agency.

54. Defendant, Portfolio, obtained Plaintiff's TransUnion consumer report on September 3, 2012.

55. Defendant, Portfolio, did not properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report.

56. Defendant, Portfolio, demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b and with the CCRAA California Civil Code 1785.11(a) by obtaining Plaintiff's TransUnion consumer report on September 3, 2012 with no permissible purpose.  "Data mining" is not among the listed permissible purposes in the FCRA.

57. Defendant, Portfolio, willfully and/or knowingly obtained Plaintiff's consumer report with no permissible purpose violating the FCRA, 15 U.S.C. § 1681b, the CCRAA California Civil Code § 1785.11(a), and committed with actual malice and an egregious violation of Plaintiff's right to privacy.

58. Defendant, Portfolio, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Portfolio breached said duty by failing to do so. There was no account that Portfolio had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

59. Discovery of the Defendant's actions occurred in February 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p and the CCRAA, California Civil Code § 1785.33.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against Defendant, Portfolio, as follows:

a.  Adjudging that Defendant, Portfolio, violated the FCRA.

b.  Adjudging that Defendant, Portfolio, violated the CCRAA.

c.  Awarding Plaintiff statutory damages, pursuant to the FCRA 15 U.S.C. § 1681n in the amount of $1000, against Defendant, Portfolio;

d.  Awarding Plaintiff civil penalties of $2,500 pursuant to the CCRAA California Civil Code § 1785.19(a), against Defendant, Portfolio;

e.  Awarding Plaintiff punitive damages to be decided at trial, against Defendant, Portfolio;

f.  Awarding Plaintiff actual damages, against Defendant, Portfolio;

g.  Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant, Portfolio;

h.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant, Portfolio;

i.  Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant, Portfolio.

## COUNT II

**VIOLATION OF THE FDCPA 15 U.S.C. § 1692 ET SEQ.**

**WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT PORTFOLIO**

60. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

Case #: SACV13-00575-DOC-(JPRx)
First Amended Complaint

61. In obtaining Plaintiff's consumer report on September 3, 2012, Defendant, Portfolio, attempted to collect a non-existent "debt" alleged to be owed, as defined in the FDCPA, 15 U.S.C. § 1692a(5) and the RFDCPA, California Civil Code 1788.2(d).

62. In attempting to collect said alleged "debt", Defendant, Portfolio, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

63. The FDCPA, under 1692g(a), requires that a debt collector shall send a written notice "within five days after the initial communication with a consumer in connection with the collection of any debt".

64. Defendant, Portfolio, failed to send Plaintiff a written notice in violation of 15 U.S.C. § 1692g(a).

65. In obtaining Plaintiff's consumer report on September 3, 2013 without a permissible purpose, Defendant, Portfolio used false representation and deceptive means to collect or attempt to collect any debt and to obtain information concerning a consumer.

66. In Defendant's January 23, 2013 letter, Defendant, Portfolio:

    a.  Attempted to collect a non-existent alleged debt.

    b.  Had deliberately hidden "important information" in between two pages glued together, in order to deceive and mislead Plaintiff into believing the alleged debt was legitimately owed and due.

    c.  Alleged a balance due by Plaintiff to Defendant in the amount of $1,520.27.

    d.  Made false, deceptive, and misleading representation of the character, amount, and legal status of the alleged debt, in violation of the FDCPA 15 U.S.C. 1692e(2)(A).

    e.  Withheld the name of the creditor to whom the alleged debt is owed, therefore violating 1692g(a)(2).

f.   Withheld the required statement "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector", therefore violating 1692g(a)(3).

g.   Withheld the required statement informing Plaintiff of his right to dispute the alleged debt, therefore violating 1692g(a)(4).

h.   Withheld the required statement "that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor", therefore violating 1692g(a)(5).

67. Defendant, Portfolio, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against Defendant, Portfolio, as follows:

a.   Adjudging that Defendant, Portfolio, violated the FDCPA.

b.   Awarding Plaintiff statutory damages, pursuant to the FDCPA 15 U.S.C. § 1692k in the amount of $1000, against Defendant, Portfolio;

c.   Awarding Plaintiff actual damages, against Defendant, Portfolio;

d.   Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant, Portfolio;

e.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant, Portfolio;

Case #: SACV13-00575-DOC-(JPRx)
First Amended Complaint

f.  Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant, Portfolio.

**COUNT III**

**VIOLATION OF THE RFDCPA**

**WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT PORTFOLIO**

68. Plaintiff repeats and re-alleges each and every allegation stated above.

69. In their attempts to collect an alleged debt from and engaging in "communications" with Plaintiff, and their attempts to collect an alleged debt with their two letters (Exhibits A and C) Defendant, Portfolio, has demonstrated willful and/or knowing noncompliance with RFDCPA 1788.17 by:

a.  Failing to send Plaintiff a written notice within five days after initiating first communication in connection with the collection of a debt to provide the required "Thirty Day Validation Notice" or disclosures to Plaintiff which results in violation of the FDCPA 15 U.S.C. § 1692g(a)(1),(2),(3),(4),(5).

b.  Made false, deceptive, and misleading representation of the character, amount, and legal status of the alleged debt, in violation of the FDCPA 15 U.S.C. 1692e(2)(A).

c.  Withheld the name of the creditor to whom the alleged debt is owed, therefore violating 1692g(a)(2).

d.  Withheld the required statement "that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector", therefore violating 1692g(a)(3).

e.  Withheld the required statement informing Plaintiff of his right to dispute the alleged debt, therefore violating 1692g(a)(4).

Case #: SACV13-00575-DOC-(JPRx)
First Amended Complaint

f.  Withheld the required statement "that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor", therefore violating 1692g(a)(5).

70. Defendant, Portfolio, had a duty to properly ascertain if there was any legitimate debt owed to defendant before attempting to collect a debt from Plaintiff, and Defendant breached said duty by failing to do so, and therefore Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor and against Defendant, Portfolio, as follows:

a.  Adjudging that Defendant, Portfolio, violated the RFDCPA.

b.  Awarding Plaintiff civil penalties, pursuant to the RFDCPA 1788.30 in the amount of $1000, against Defendant, Portfolio;

c.  Awarding Plaintiff actual damages, against Defendant, Portfolio;

d.  Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant, Portfolio;

e.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant, Portfolio;

f.  Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant, Portfolio.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: November 5, 2013

Respectfully Submitted,

Paul M. Salmas
12823 Maxwell Drive
Tustin, California 92782

Case #: SACV13-00575-DOC-(JPRx)
First Amended Complaint

# "EXHIBIT A"

## Portfolio Recovery Associates, LLC
*We're giving debt collection a good name.*

**SELLER: NCO PORTFOLIO MANAGEMENT INC**
**MERCHANT: UNIV CARD**
**Account/Reference No.: 5398830001710093**
**Balance: $1,520.27**

January 23, 2013

### A NEW START FOR A NEW YEAR!

**PUT YOUR TAX REFUND TO WORK - CALL 1-800-772-1413 - YOUR SAVINGS ARE WAITING!**
**ARE YOU ELIGIBLE FOR A TAX CREDIT OR REFUND? Go to www.irs.gov to find out if you qualify for an earned income tax credit, free tax preparation, or one of many tax credits available.**

| Single Payment Settlement Option | 6 Month Installment Savings Plan | Fixed-Budget Pay in Full Plan |
|---|---|---|
| • Pay $456.00 | • Pay **$89.00** for **6** consecutive months | • Pay the balance in full, OR |
| • SAVE $1,064.27 | • SAVE $986.27 | • Pay as little as $45.00 a month |
| *Your account will be considered "Settled in full" after your final payment is posted. | *Your account will be considered "Settled in full" after your final payment is posted. | *Your account will be considered "Paid in full" once the account reaches a zero balance. |

**\*\*\*Your first payment must be received no later than 02/28/2013.\*\*\***

| Mail:  | CALL:  | Online:  |
|---|---|---|
| **Mail all checks and payments to:** Portfolio Recovery Associates, LLC P.O. Box 12914 Norfolk VA 23541 | **1-800-772-1413** to discuss payment arrangements. Let us prove how committed we are to working with you! | **Pay us online at:** www.portfoliorecovery.com |

*\*We are not obligated to renew this offer.*

**HOURS OF OPERATION (EST):** 8 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun.
**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES CORRESPONDENCE ADDRESS:** 140 Corporate Boulevard, Norfolk, VA 23502
**Disputes Dept. E-mail Address:** PRA_Disputes@portfoliorecovery.com
**DEBIT CARD TRANSACTION FEES:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.
**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic, and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**This letter is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**

**NOTICE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Dept 922     5484425013015
PO Box 4115
Concord, CA 94524

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
CIS

Address Service Requested

#BWNFTZF #PRA5484425013015#



PAUL M SALMAS
12823 MAXWELL DR
TUSTIN CA 92782-0915

AAVESP1  92782



Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency.

**Quality Service Specialists available Mon. - Fri 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by email at qualityservice@portfoliorecovery.com

"EXHIBIT B"

Paul Salmas
12823 Maxwell Drive
Tustin, CA 92782

PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. BOX 12914
Norfolk, VA 23541
(800) 772-1413

Date: February 19, 2013

To whom it may concern:

I received your correspondence attempting to collect a debt (see attached copy), and
dispute the alleged debt in its entirety.  This is not a refusal to pay, nor is it a
request for "verification" or proof of my name or mailing address.  This is a request
for VALIDATION made pursuant to the Fair Debt Collection Practices Act.

Provide me with the following:

- Name and address of the original creditor.
- Name and address of the current creditor.
- Proper documentation showing how you calculated the alleged amount.
- Proper documentation showing I agreed to pay the alleged amount.
- Proper documentation of a judgment giving you the right to collect anything from me.

Until proper validation is provided, you are to cease all collection efforts.  Do not
telephone me.  Do not contact any other persons about the debt.  You must direct all
communications intended to reach me via US mail only.

If your offices fail to respond to this validation request within 30 days from the date
of your receipt, all references to this account must be deleted and completely
removed from my credit files, and a copy of such deletion request shall be sent to
me immediately.


Regards,
Paul Salmas


USPS Certified Mail# 7008 2810 0001 7998 0466

# "EXHIBIT C"

**Portfolio Recovery Associates, LLC**
We're giving debt collection a good name.

PRAD4-0305-33888503A-001121-121

March 6, 2013

Dear PAUL M SALMAS:

Re:       Verification Information Concerning PRA Account/Reference No.: 5398830001710093
          UNIV CARD

The following information is being provided in response to your recent communication concerning the account referenced above. Account Number 5398830001710093 and its proceeds were sold, assigned and transferred by the Seller to Portfolio Recovery Associates, LLC on 06/30/2005. At the time of the sale, the Seller provided an electronic file of its business records concerning this account. According to the Seller's records, there was due and payable from PAUL M SALMAS to the Seller in the sum of $1,520.27 with respect to the account, as of 06/30/2005, there being no known un-credited payments, counterclaims, or offsets against this account at the date of its sale.

Here is a summary of additional information listed in the electronic file for this account:

| | |
|---|---|
| Account holder's Name Provided By Seller: | PAUL M SALMAS |
| Account holder's Last 4 Digits of SSN: | 2007 |
| Date Account Opened Provided by Seller: | 01/07/1998 |
| Balance at date of PRA purchase: | $1,520.27 |
| Interest accrued since the date of purchase or last payment to PRA: | $0.00 |
| Costs and Other Fees: | $0.00 |
| | |
| Total Balance Due as of the Date of this Letter: | $1,520.27 |

Please contact us if you would like to receive a payment history of payments that have posted to this account since our company purchased this account.

**Contact us toll-free at 1-800-772-1413 to discuss this account.**
**Hours of Operation (EST): 8 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun.**

If you wish to dispute this account, please send written documentation describing the nature of your dispute and any information or materials that may be helpful to our investigation so this dispute may be investigated in a timely manner. Please send all documentation related to disputes to the following address: PRA Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502.

If you wish to dispute this account due to identity theft or fraud, please follow the attached instructions for filing disputes due to identity theft or fraud.

Please note that if we receive no information or documentation describing the details of your dispute by March 26, 2013, we may then terminate the investigation related to this account due to lack of clarification of the nature of the dispute.

### This letter is from a debt collector.

Notice: See Reverse Side for Important Information

........................................................................................................................

***Please send this coupon with all correspondence.***

DEPT 922     9237994713035
PO BOX 4115
CONCORD CA  94524

ADDRESS SERVICE REQUESTED

#BWNFTZF #PRA9237994713035#



PAUL M SALMAS
12823 MAXWELL DR
TUSTIN CA 92782-0915

D4
PORTFOLIO RECOVERY ASSOCIATES LLC
PRA DISPUTES DEPARTMENT
140 CORPORATE BOULEVARD
NORFOLK VA 23502

PHAD4-0305-33888S080-00121-121

**MAKE ALL CHECKS PAYABLE TO:** Portfolio Recovery Associates, LLC
**SEND ALL PAYMENTS TO:** Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541

**COMPANY ADDRESS:** Portfolio Recovery Associates, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**DISPUTES CORRESPONDENCE ADDRESS:** PRA Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502
**DISPUTES DEPARTMENT E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

**DEBIT CARD TRANSACTION FEES:** Third party vendors may charge a transaction fee for processing payments made by debit card; however, PRA does not charge or accept any fees. Please discuss this option with our staff if you have any questions.

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** Office located at 4600 South Syracuse Street, Suite 938, Denver, CO 80237. Telephone 1-866-508-4751. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**MAINE:** Telephone number at licensed location is (800) 772-1413. Hours of operation at licensed location are 8 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun. (EST).

**MASSACHUSETTS:** Office located 49 Winter St., Weymouth, MA 02188. Telephone (800) 772-1413. Hours of operation are 9 AM to 6 PM EST Monday through Thursday. **NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 1394700, 1394699, 1394694.

**NORTH CAROLINA:** Collection Agency Permit No. 4132.

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. (#00000770)

## PORTFOLIO RECOVERY ASSOCIATES
## INSTRUCTIONS FOR FILING A DISPUTE RELATED TO IDENTITY THEFT/FRAUD

To dispute an account due to issues related to fraud/identity theft, our company generally requires all customers to submit documentation for review as part of our company's investigation.

Please send a copy of an official Identity Theft Report **OR** Written Statement within 20 days of receipt of these instructions so the investigation related to this account may be completed in a timely manner.

**OFFICIAL IDENTITY THEFT REPORTS INCLUDE:**

(1) Any report to local, state, or federal law enforcement agency indicating that you have been a victim of identity theft

(2) A copy of a report to the Federal Trade Commission indicating you have been a victim of identity theft

(3) A copy of a Federal Trade Commission's ID Theft Affidavit

(4) A copy of a PRA ID Theft Affidavit (attached)

(5) A police report

**OR**

**WRITTEN STATEMENTS INCLUDE:**

(1) Letter from Credit Reporting Agency, Creditor, or Other Agency referencing a prior identity theft investigation related to this account

(2) CA Office of Privacy Protection Consumer Information Sheet 3A: Requesting Information on Fraudulent Accounts-Identity Theft Victim's Request for Fraudulent Transaction/Account Information (CA Residents)

(3) Customer's Statement, which must include the following certification statement AND supporting documentation:

   **Certification Statement:** "I certify the representations made are true, correct, and contain no material omissions of fact." _____
   
   Customer signature/date

**Supporting Documents Include:**

- Statement that customer is victim of identity theft.

- Copy of customer's driver license or state ID card.

- Any other identification documents that support claim of identity theft.

- Specific facts supporting the claim of identity theft, if available.

- Any explanation showing customer did not incur debt.

- Any available correspondence disputing debt after transaction information provided to customer.

- Documentation of residence of customer at time of alleged debt. This includes copies of bills, statements, such as utility bills, tax statements, or other statements from businesses sent to customer to show that debtor lived at another residence at time debt incurred.

- Telephone number or address for contacting customer concerning additional information or questions.

- Information concerning person consumer believes is perpetrator of fraud.

- An express statement that customer did not authorize use of customer's name or personal information for incurring debt.

### This letter is from a debt collector.

PRAD4-0305-338885030-00121-121

This page intentionally left blank.

PRAD4-0305-338886030-00121-121

**Portfolio Recovery Associates**
**Identity Theft Affidavit**
**Account/Reference No.: 5398830001710093**

| Victim Information |
|---|

(1) My full legal name _____ .
                         (First)          (Middle)         (Last)        (Jr. Sr. III)

(2) When the events described in this affidavit took place, my name was

_____ .
(First)          (Middle)         (Last)        (Jr. Sr. III)

(3) My date of birth is _____ .
                            Month/Day/Year

(4) My Social Security Number is _____ .

(5) My driver's license or identification card state and number are _____ .

(6) My current address is _____ .
                       Street          City         State        Zip Code

(7) I have lived at this address since _____ .
                                Month/Year

(8) When the events described in this affidavit took place, my address was

_____ .
Street          City      State     Zip Code

(9) I lived at the address listed in section (8) since _____ .
                                      Month/Year

(10)    My daytime telephone number is (    ) _____ .

           My evening telephone number is (    ) _____ .

| Check all that apply for items listed in sections 11-16 |
|---|

_____ (11)    I did not authorize anyone to use my name or personal information to seek
                money, credit, loans, goods or services described in this report.

_____ (12)    I did not receive any benefit, money, goods or services as a result of the events
                described in this report.

_____ (13)    My identification documents (debit card, birth certificate, drivers license, etc.) were
                stolen or lost on or about _____ .
                                        Month/Day/Year

_____ (14)    To the best of my knowledge and belief, the following persons(s) used my
                personal information or identification documents to get money, credit, loans,
                goods or services without my knowledge or authorization:

_____        _____
            Name                                  Name

_____        _____
           Address                               Address

_____        _____
      Phone Number                        Phone Number

PRA04-0305-338886030-00121-121

_____ (15)   I do NOT know who used my personal information or identification documents to get money, credit, loans, goods or services without my knowledge or authorization.

_____ (16)   Additional Background Information Regarding Events:

_____

(Please feel free to attach additional pages as necessary.)

**Victim's Law Enforcement Actions (check all that apply for items 17 through 21)**

_____ (17)   I am willing to assist in the prosecution of the person(s) who committed this fraud.

_____ (18)   I am **not** willing to assist in the prosecution of the person(s) who committed this fraud.

_____ (19)   I am authorizing the release of this information to law enforcement agencies for the purpose of assisting in the investigation and prosecution of the person(s) who committed this fraud.

_____ (20)   I am **not** authorizing the release of this information to law enforcement agencies for the purpose of assisting in the investigation and prosecution of the person(s) who committed this fraud.

_____ (21)   I have reported the events described in this affidavit to law enforcement agencies and have attached a copy of all reports made by these agencies.

_____          _____
Name of Agency                                         Name of Officer

_____          _____
Address                                                      Telephone Number

**Supporting Documentation Attached (Please Check & Attach Copies For Review)**

_____ (22)   Governmental Issued Photo Identification Card (ID Card/Driver's License/Passport)
_____ (23)   Social Security Card
_____ (24)   Copy of Police Report or Report Made by Other Law Enforcement Agency
_____ (25)   Any Prior Written Communications with Previous Creditors Pertaining to the Events Described in this Affidavit
_____ (26)   Proof of Residency During Time Alleged Fraudulent Charges Occurred (Rental/lease Agreement, Utility bill, Insurance bill)

**Signature (Notary Required)**

*I certify that to the best of my knowledge and belief, all the information on and attached to this affidavit is true, correct, complete, and made in good faith. I also understand that this affidavit or the information contained may be made available to all law enforcement agencies for such action within their jurisdiction as they deem appropriate. I understand that knowingly making any false or fraudulent statements or representations may constitute a violation of federal, state, or local criminal statutes, and may result in the imposition of fine, imprisonment, or both forms of punishment.*

_____          _____
*Signature*                                              *Date Signed*

_____          _____
*Notary Signature (SEAL)*                      *My Notary Commission Expires*

1

**CERTIFICATE OF SERVICE`**

2    I, Jonathan R. Mahlow, declare as follows.  I am over the age of 18 years.  My address is:

3
        14162 Holt Ave
4        Santa Ana, CA 92705

5    On November 5, 2013, I served the foregoing document described as:

6        -    First Amended Complaint;

7    On all interested parties in this action by placing a true and correct copy thereof in a sealed

8
     envelope, with first-class postage prepaid thereon, using USPS, and deposited said envelope in the
9
10   United States mail in Tustin, CA, addressed to:

11        Tomio B Narita and Christopher M Spain
          Simmonds and Narita LLP
12        44 Montgomery Street Suite 3010
          San Francisco, CA 94104-4816
13

14   I declare under penalty of perjury that the foregoing is true and correct.

15   Executed on November 5, 2013 at Tustin, CA.

16

17

18                                                      _____
19                                                      Jonathan R. Mahlow

20

21

22

23

24

25

26

27

28