1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  CHRISTOPHER M. SPAIN (SBN 265465)
   cspain@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625

6  Attorneys for Defendant
   Portfolio Recovery Associates, LLC
7

8              UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10                 SOUTHERN DIVISION
11

12 PAUL M. SALMAS,                    )  CASE NO.: 13-cv-00575-DOC-JPR
                                      )
13          Plaintiff,                )  **DEFENDANT PORTFOLIO
                                      )  RECOVERY ASSOCIATES,
14                                    )  LLC'S NOTICE OF MOTION
                                      )  AND MOTION TO DISMISS
15    vs.                             )  FIRST AMENDED COMPLAINT;
                                      )  MEMORANDUM OF POINTS
16 PORTFOLIO RECOVERY                 )  AND AUTHORITIES IN
   ASSOCIATES, LLC,                   )  SUPPORT OF MOTION**
17                                    )
                                      )  Date: January 20, 2014
18          Defendant.                )  Time: 8:30 a.m.
                                      )  Courtroom: 9D
19                                    )
                                      )  The Honorable David O. Carter
20 _____       )
21
22
23
24
25
26
27
28

SALMAS V. PORTFOLIO RECOVERY ASSOCIATES, LLC (CASE NO. 13-cv-00575-DOC-JPR)
MOTION TO DISMISS FIRST AMENDED COMPLAINT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on Monday, January 20, 2014 at 8:30 a.m. in courtroom 9D of the above Court, located at 411 West Fourth Street, Santa Ana, California 92701, the Honorable David O. Carter presiding, defendant Portfolio Recovery Associates, LLC ("Defendant") will and hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against it in the first amended complaint.

This motion is made following the conference of counsel in an effort to comply with Local Rule 7-3, which took place by email on November 14, 2013 (see November 14, 2013 email attached hereto as "**Exhibit A.**").

This motion is made on the grounds that the first amended complaint fails to state facts sufficient to constitute a cause of action against Defendant under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; or the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.*

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow at the hearing of this matter.

DATED: November 19, 2013

SIMMONDS & NARITA LLP
TOMIO B. NARITA
CHRISTOPHER SPAIN

By: /s/Christopher M. Spain
Christopher M. Spain
Attorneys for Defendant
Portfolio Recovery Associates, LLC

1

# TABLE OF CONTENTS

2

I.      INTRODUCTION.............................................. 1

3

II.     ALLEGATIONS OF THE COMPLAINT. ......................... 2

4

III.    ARGUMENT. ............................................... 3

5

        A.      Legal Standard. ........................................ 3

6

        B.      The FCRA Claim Fails, Because The First Amended
7               Complaint Alleges That PRA Obtained His Report In
                Connection With Its Attempt To Collect The Account. ........... 5

8

        C.      Salmas Has Failed To Plead The Essential Elements Of An
9               FDCPA Or Rosenthal Act Claim Against PRA.................. 9

10      D.      Salmas Has Failed To Plead Facts Sufficient To State A
                Claim Under The FDPCA And The Rosenthal Act.............. 10

11

                i.      Salmas's Claims Under § 1692g Of The FDCPA .......... 10

12

                ii.     Salmas's Claims Under § 1692e Of The FDCPA .......... 13

13

                iii.    Salmas's Claims Under § 1788.17 of the Rosenthal Act .... 15

14

IV.     CONCLUSION.............................................. 16

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

4

*Aquino v. Capital One Fin. Corp.*
2008 WL 1734752 (N.D. Cal. Apr. 14, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5

6

*Ashcroft v. Iqbal*
556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

7

8

*Baker v. Trans Union LLC*
2010 WL 2104622 (D. Ariz. May 25, 2010).. . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

10

11

*Blair v. Bank of Am., N.A.*
2012 WL 860411 (D. Or. Mar. 13, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

12

13

*Chaudhry v. Gallerizzo*
174 F.3d 394 (4th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

14

*Clark v. Capital Credit & Collection Servs., Inc.*
460 F.3d 1162 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

15

16

*Conley v. Gibson*
355 U.S. 41 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

17

18

*Cordell v. Tilton*
515 F. Supp. 2d 1114 (S.D.Cal.2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

19

*Dokumaci v. MAF Collection Servs.*
2010 WL 2560024 (M.D. Fla. June 17, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20

21

*Donohue v. Quick Collect, Inc.*
592 F.3d 1027 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

22

*Gamble v. Citifinancial and Landers*
2002 WL 31643028 (D. Conn. Nov. 19, 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 6

23

24

*Golden v. Wisconsin Physician's Serv. Health Ins. Corp.*
2010 WL 5289682 (E.D. Cal. Dec. 16, 2010).. . . . . . . . . . . . . . . . . . . . . . . . . 10

25

26

*Gorman v. Wolpoff & Abramson, LLP*
584 F.3d 1147, 1153-54 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

27

28

*Great Seneca Fin. Corp. v. Fisher*
2005 WL 1875664 (D. Kan. Aug. 8, 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Huertas v. Galaxy Asset Management*

641 F.3d 28 (3d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
*Hyde v. RDA, Inc.*
389 F. Supp. 2d 658 (D. Md. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ivey v. Bd. of Regents of the Univ. of Alaska*
673 F. 2d 266 (9th Cir.1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Johnson v. Riverside Healthcare Sys., L.P.*
534 F.3d 1116 (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kaiser v. Braje & Nelson, LLP*
2006 WL 1285143 (N.D. Ind. May 5, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mahon v. Credit Bureau of Placer Cnty. Inc.*
171 F.3d 1197 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*McNall v. Credit Bureau of Josephine County*
689 F. Supp. 2d 1265 (D. Or. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Miller v. Rubin & Rothman, LLC*
2011 WL 4359977 (D. Minn. Sept. 19, 2011). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Minasyan v. Creditors Fin. Group, LLC*
2012 WL 2328242 (C.D. Cal. June 19, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Moss v. United States Secret Serv.*
572 F.3d 962 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Murray v. Sunrise Chevrolet, Inc.*
441 F. Supp. 2d 940 (N.D. Ill. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Myers v. Stoneleigh Recovery Assocs.*
2012 WL 1356752 (E.D. Cal. Apr. 18, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Nikogosian v. Cavalry Portfolio Services, LLC*
2012 WL 2568124 (C.D. Cal. July 2, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Pokavat v. Northland Group Inc. et al.*
2:12-cv-04735-GW, Doc. No. 28, October 15, 2012 . . . . . . . . . . . . . . . . . . . . 8, 9

*Pretlow v. AFNI, Inc.*
2008 WL 345593 (W.D. Va. Feb. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Riley v. Equifax Credit Info. Servs., Inc.*
194 F. Supp. 2d 1239 (S.D. Ala. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Robinson v. TSYS Total Debt Managment, Inc.*
447 F. Supp. 2d 502 (D. Maryland 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rodriguez v. Cavalry Portfolio Servs., LLC*
2012 WL 726474 (S.D. Cal. Mar. 6, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Stejic v. Aurora Loan Servs., LLC*
2009 WL 4730734 (D. Ariz. Dec. 1, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Stergiopoulos v. First Midwest Bancorp., Inc.*
2004 WL 5550488 (N.D. Ill. June 23, 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stine v. Trotter*
2008 WL 4068904 (C.D. Cal. Aug. 28, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Stricklin v. First Nat'l Collection Bureau, Inc.*
2012 WL 1076679 (S.D. Ill. Mar. 30, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Toth v. Cavalry Portfolio Servs., LLC*
2013 WL 5658168 (D. Nev. Oct. 16, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Washington v. South Shore Bank*
2004 WL 2038425 (N.D. Ill. Aug. 27, 2004). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Wilson v. Sessoms*
1998 WL 35305548 (M.D.N.C. Mar. 16, 1998). . . . . . . . . . . . . . . . . . . . . . . . . . 8

# FEDERAL STATUTES

Fair Credit Reporting Act
    15 U.S.C. §§ 1681, *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 1681(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 1681a(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    § 1681(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    § 1681b(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 1681b(a)(3)(A-F). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    § 1681b(a)(3)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    § 1681b(f)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fair Debt Collection Practices Act
    15 U.S.C. § 1692 *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 1692a(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    § 1692a(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15
    § 1692e(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 1692g(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 13
    § 1692g(a)(3, 4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    § 1692g(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Federal Rules of Civil Procedure
    Rule 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 16

# STATE STATUTES

California Consumer Credit Reporting Agencies Act
    Cal. Civ. Code §§ 1785, *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 1785.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    § 1788.2(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    § 1788.2(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rosenthal Fair Debt Collection Practices Act
    Cal. Civ. Code § 1788 *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This case is one of several meritless lawsuits that have flooded this Court, brought by a group of *pro se* Plaintiffs that either work for, or are affiliated with, the Coast Law Center in Orange County, California.[1]  After Plaintiff Paul M. Salmas ("Plaintiff" or "Salmas") stopped paying his Universal Credit Card account, it was charged-off and purchased by Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA").  PRA then attempted to collect the outstanding financial obligation pursuant to all  federal and state laws governing debt collection and credit reporting.

Instead of paying the outstanding account, Salmas filed this action against PRA.  After PRA moved to dismiss his original complaint (*see* Docket 9) and the Court directed him to file an amended pleading (*see* Docket 19), Salmas filed his First Amended Complaint ("FAC") alleging PRA violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the California Fair Debt Collection Practices Act ("the Rosenthal Act").  Salmas claims that PRA violated these statutes because it obtained his credit report without a permissible purpose, sent him a letter with pages stuck together, and failed to send the notice required under 15 U.S.C. § 1692g.  All of the claims fail.

Salmas knows perfectly well that PRA had a permissible purpose to obtain his credit report because, as he alleges in his complaint, PRA was attempting to collect an account from him.  This allegation is fatal to his FCRA claim.

_____

[1]    *See    Paul    M.    Salmas    v.    Convergent    Outsourcing,    Inc.*, 8:13-cv-01304-GW-JCG; *Timothy L. Salmas v. Velocity Portfolio Group Inc.*, 8:13-cv-00678-JVS-JCG; *Timothy    L.    Salmas    v.    Midland    Funding    LLC*, 8:13-cv-00679-DOC-SH; *Jonathan R. Mahlow v. Midland Credit Management Inc.*, 8:13-cv-00761-JVS-JPR.   A review of PACER shows that Paul M. Salmas and Jonathan R. Mahlow brought several additional cases that are now closed.

The FAC fails to plead the essential elements of, or facts sufficient to support, claims under the FDCPA or the Rosenthal Act.  The pleading contains a recitation of the language of various debt collection and credit reporting statutes, unsupported by any concrete factual allegations.  To the extent that he has set forth specific facts, they demonstrate that he has no valid claims.

Consequently, the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court has already given Salmas an opportunity to amend his pleading, and it is clear he cannot plausibly amend to state a valid claim.  The dismissal should be with prejudice and without leave to amend.

## II.   ALLEGATIONS OF THE COMPLAINT

Salmas alleges that on or about February 1, 2013, he "received" a letter from PRA that had pages stuck together.  *See* Complaint (Doc. No. 3), ¶ 12, 20. He contends that the pages were "glued" together to "deceptively" hide information, but concedes he was able to separate the pages and determine that PRA was attempting to collect an alleged debt from him.  *See id*. at ¶ 17, 21.   He also was also able to determine that PRA obtained his account from "NCO PORTFOLIO MANAGEMENT INC" and the original creditor was "UNIV CARD."  *See id*. at ¶ 22.  The FAC alleges that the February 2013 letter was the first letter he "received" from PRA.  *See id*. at ¶ 26.

After he received the letter, Salmas allegedly responded to PRA via Certified Mail "disputing this alleged debt and demanding validation."  *See id*. at ¶ 28.  The FAC admits that PRA responded and provided him validation, and attaches a copy of PRA's correspondence as Exhibit "C."  *See id*. at ¶ 29, Ex. C. While Plaintiff claims PRA's letter did not constitute "legal and proper validation of [his] alleged debt[,]" the letter attached as Exhibit "C" shows that PRA provided Salmas with the information needed to properly validate his account, specifically, PRA confirmed in writing that the amount being demanded was the

1  amount that its records reflected was owed.  *See id*. at ¶ 40; Exhibit "C".

2      Similar to his original complaint, the FAC claims that in February 2013, he

3  discovered that multiple entities, including PRA, pulled and reviewed his credit

4  report.  *See id*. at ¶ 44.  He alleges that PRA "obtained" his credit report in

5  September of 2012 without a permissible purpose.  *See id*. at ¶ 44, 56-57.

6  Significantly, Salmas also alleges that he is a "consumer" and a "debtor," that

7  PRA is a "debt collector" and that PRA was attempting to collect a "debt" from

8  him.  *See id.* at ¶¶ 5-6, 9, 17, 61-62.

9      By allegedly accessing his credit report without a permissible purpose,

10  failing to send him the 1692g notice, and by sending him a letter with the pages

11  stuck together, Salmas contends that PRA violated the FCRA and CCRAA (*see*

12  *id.* at ¶ 49-59) as wells as the FDCPA and the Rosenthal Act.  *See id.* at ¶ 60-70.

13  **III.   ARGUMENT**

14      **A.   Legal Standard**

15      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint

16  may be dismissed if it fails "to state a claim upon which relief can be granted."

17  Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure provide little

18  guidance on what a plaintiff must do to "state a claim" for relief, other than Rule

19  8, which says that a complaint must set forth a "short and plain statement of the

20  claim showing that the pleader is entitled to relief."  *Id*.

21      The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

22  (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*")

23  represent a significant shift in the analytical framework that courts must use when

24  evaluating motions to dismiss.  In *Twombly*, the Court expressly rejected the "no

25  set of facts" test that had been articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46

26  (1957).  *See Twombly*, 550 U.S. at 562-63.  The Court clarified that although

27  "detailed factual allegations" are not required at the pleading stage, "labels and

28  conclusions, and a formulaic recitation of the elements of a cause of action will

1   not do." *Id.* at 555.  The complaint must contain factual allegations, and they

2   "must be enough to raise a right to relief above the speculative level." *Id.*  There

3   must be sufficient facts pled to state a claim to relief that is "plausible on its

4   face." *Id*. at 570.

5   The Supreme Court refined its analysis even further in *Iqbal*, reiterating

6   that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-

7   me accusation." *Iqbal*, 556 U.S. at 678.  Only a complaint that states "a plausible

8   claim for relief" can survive a motion to dismiss.  *Id.* at 679.  "A claim has facial

9   plausability when the plaintiff pleads factual content that allows the court to draw

10  the reasonable inference that the defendant is liable for the misconduct alleged. . .

11  The plausability standard is not akin to a 'probability requirement,' but it asks for

12  more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

13  A complaint that contains facts which are "merely consistent with" defendant's

14  liability is not sufficient, because it "stops short of the line between possibility

15  and the plausibility of entitlement to relief." *Id*.  (citations and quotation marks

16  omitted).

17  The court should not assume the truth of legal conclusions in the

18  complaint.  *Id*.  Thus, the first step when evaluating a motion to dismiss is to

19  identify the legal conclusions, because they "are not entitled to the assumption of

20  truth.  While legal conclusions can provide the framework for a complaint, they

21  must be supported by factual allegations." *Id*. at 679.  Next, with respect to any

22  "well-pleaded factual allegations" in the complaint "a court should assume their

23  veracity and then determine whether they plausibly give rise to an entitlement to

24  relief." *Id.*  The determination of whether a plausible claim for relief has been

25  stated is "a context-specific task" that requires a court to "draw on its judicial

26  experience and common sense." *Id.*

27  Dismissal is therefore proper under Rule 12(b)(6) where a court finds

28  either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient

1  facts alleged under a cognizable legal theory.  *See Johnson v. Riverside*

2  *Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008).  As the Ninth Circuit

3  has observed:  "In sum, for a complaint to survive a motion to dismiss, the

4  non-conclusory factual content, and reasonable inferences from that content, must

5  be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. United*

6  *States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks

7  omitted).  While *pro se* complaints are entitled to a liberal reading, "the Court

8  may not 'supply essential elements of claims that were not initially pled.'"  *Stine*

9  *v. Trotter*, 2008 WL 4068904 (C.D. Cal. Aug. 28, 2008) (quoting *Cordell v.*

10 *Tilton*, 515 F. Supp. 2d 1114, 1128 (S.D.Cal.2007); *Ivey v. Bd. of Regents of the*

11 *Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir.1982)).

12      Salmas has not pled facts sufficient to support a plausible claim for relief

13 against PRA under any of the statutory provisions cited in his complaint,

14 consistent with the pleading requirements of Rule 8 and the decisions in *Iqbal*

15 and *Twombly*.  The complaint must be dismissed.

16      **B.    The FCRA Claim Fails, Because The First Amended Complaint**
        **Alleges That PRA Obtained His Report In Connection With Its**
17      **Attempt To Collect The Account**

18      Salmas asserts that PRA violated the FCRA by accessing his credit report

19 with "no permissible purpose."  FAC (Doc. No. 20) at ¶ 56-57.  Congress passed

20 the FCRA as part of its efforts to balance the legitimate needs of users of

21 consumer information (like PRA) with its concern for protecting consumer

22 privacy.  *See* 15 U.S.C. §§ 1681(a), (b); *Gorman v. Wolpoff & Abramson, LLP*,

23 584 F.3d 1147, 1153-54 (9th Cir. 2009).  The FCRA was aimed at curbing the

24 industry's worst abuses – it was not designed to prohibit all access to a

25 consumer's credit file.  "The Fair Credit Reporting Act . . . was 'a product of

26 political compromise enacted for the specific purpose of curbing only the *worst*

27 *abuses* by the credit reporting industry and its clients."  *See Riley v. Equifax*

28 *Credit Info. Servs., Inc.*, 194 F. Supp. 2d 1239, 1244 (S.D. Ala. 2002) (quoted

1  citation omitted and emphasis added).

2      To balance these competing interests, the FCRA governs how consumer

3  credit information may be gathered, disseminated, and used.  A "consumer

4  reporting agency ["CRA"] may furnish a consumer report" if the consumer

5  provides written permission.  *See* 15 U.S.C. § 1681b(a)(2).  A consumer's consent

6  to the release and use of the information, however, is not required.  *See Hyde v.*

7  *RDA, Inc.*, 389 F. Supp. 2d 658, 663 n.1 (D. Md. 2005).

8      Instead, "[t]he FCRA allows a party to obtain a consumer credit report

9  without the consumer's consent or knowledge if that party certifies that the report

10  is being pulled for a permissible purpose."  *Stergiopoulos v. First Midwest*

11  *Bancorp., Inc.*, 2004 WL 5550488, *2 (N.D. Ill. June 23, 2004), *aff'd* 427 F.3d

12  1043 (7th Cir. 2005); *accord Murray v. Sunrise Chevrolet, Inc.*, 441 F. Supp. 2d

13  940, 945 (N.D. Ill. 2006) ("Under FCRA, a consumer's credit report may only be

14  obtained with the consumer's written consent **or** for certain permissible

15  purposes." (emphasis added)); *Gamble v. Citifinancial and Landers*, 2002 WL

16  31643028, *2 (D. Conn. Nov. 19, 2002) ("Under the FCRA, there are

17  circumstances pursuant to which a consumer's credit report may be obtained

18  without the consent or even the knowledge of the complaint."); 16 C.F.R. Pt. 600,

19  App (2005) ("When permissible purposes exist, parties may obtain, and consumer

20  reporting agencies may furnish, consumer reports without the consumers'

21  permission or over their objection.").  Congress set forth six permissible purposes

22  under which a CRA may furnish a consumer report.  *See* 15 U.S.C. §

23  1681b(a)(3)(A-F).

24      As relevant here, the FCRA provides that a CRA may "furnish a consumer

25  report . . . [t]o a person which it has reason to believe":

26      intends to use the information in connection with a credit transaction
27      involving the consumer on whom the information is to be furnished and
        involving the extension of credit to, or review *or collection of an account*
28      *of, the consumer*;

*Id.* § 1681b(a)(3)(A) (italics added).  A "person"[2] may "use or obtain a consumer report" if the report "is obtained for a purpose for which a consumer report is authorized to be furnished under this section."  *Id.* § 1681b(f)(1).

Taken together, sections 1681b(a)(3)(A) and 1681b(f)(1) of the FCRA permit "persons who intend to use credit information to collect a debt owed by the consumer" to obtain and use consumer reports from CRAs, even if the consumer has not consented to the release of the report.  *See Huertas v. Galaxy Asset Management,* 641 F.3d 28, 34 (3d Cir. 2011) (collection agency retained by debt buyer to collect credit card debt had permissible purpose to access credit report); *Baker v. Trans Union LLC*, 2010 WL 2104622, *7 (D. Ariz. May 25, 2010); *see also Great Seneca Fin. Corp. v. Fisher*, 2005 WL 1875664, *2 (D. Kan. Aug. 8, 2005) (creditor may obtain consumer report under § 1681b(a)(3)(A) "without the debtor's permission if the creditor 'intends to use the information in connection with . . . review or collection" of consumer's account).[3]  "'Whether a permissible purpose existed is a question of law.'"  *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977, *3 (D. Minn. Sept. 19, 2011), quoting *Breese v. TRIADvantage Credit Servs., Inc.*, 393 F. Supp. 2d 819, 821 (D. Minn. 2005).

Debt collection and "skip tracing" – which, in light of the allegations of the FAC, are the only reasons that PRA would have accessed Salmas's credit report – are both permissible purposes under section 1681b(a)(3)(A) of the Act.  *See Blair v. Bank of Am., N.A.*, 2012 WL 860411, *9 (D. Or. Mar. 13, 2012) (collection law

---

[2]   A "person" is "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."  15 U.S.C. § 1681a(b).

[3]   Even persons who merely desire to determine whether a debt is collectible may obtain and use a consumer report under section 1681b(a)(3)(A).  *See Washington v. South Shore Bank*, 2004 WL 2038425, *5 (N.D. Ill. Aug. 27, 2004) (concluding that "obtaining a credit report to determine . . . whether a creditor should even pursue a delinquent debt" is a permissible purpose).

1   firm had permissible to access credit report in connection with collection of debt);

2   *Rodriguez v. Cavalry Portfolio Servs., LLC*, 2012 WL 726474, *1 (S.D. Cal. Mar.

3   6, 2012) ("A debt collector may access a consumer's credit report in the course of

4   collecting a credit card debt from that consumer."); *Baker*, 2010 WL 2104622 at

5   *7 ("Because skip-tracers are in the business of locating debtors to facilitate the

6   collection of debts by creditors," the court explained, "their practices fall within

7   the scope of permissible purposes under § 1681b(a)(3)(A)."); *McNall v. Credit*

8   *Bureau of Josephine County*, 689 F. Supp. 2d 1265, 1273 (D. Or. 2010) (rejecting

9   argument that "running a credit report to obtain" consumer's address was not a

10  permissible purpose); *Great Seneca Fin. Corp.*, 2005 WL 1875664 at *2;

11  *Washington*, 2004 WL 2038425 at *5; *Wilson v. Sessoms*, 1998 WL 35305548,

12  *4 (M.D.N.C. Mar. 16, 1998) (recognizing that skip tracing "is generally a

13  permissible purpose under the FCRA").

14          Thus, by alleging that PRA is a "debt collector" that he is a "debtor" and

15  that PRA was seeking to collect a "debt" from him (*see* FAC at ¶¶ 5-6, 9, 17, 61-

16  62), Salmas has pled himself out of his FCRA claim. *See Sprewell v. Golden*

17  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (plaintiff can "plead himself

18  out of a claim by including . . . details contrary to his claim"), *amended by* 275

19  F.3d 1187 (9th Cir. 2001).

20          This Court has repeatedly held that where a plaintiff alleges a defendant

21  pulled a credit report without a permissible purpose, but also alleges that the

22  defendant is a debt collector and was attempting to collect a debt, the plaintiff has

23  failed to state a claim. *See Minasyan v. Creditors Fin. Group, LLC*, 2012 WL

24  2328242, *2 (C.D. Cal. June 19, 2012); *Nikogosian v. Cavalry Portfolio Services,*

25  *LLC*, 2012 WL 2568124, *3 (C.D. Cal. July 2, 2012); *Pokavat v. Northland*

26  *Group Inc. et al.*, 2:12-cv-04735-GW, Doc. No. 28, October 15, 2012; *see also*

27  *Myers v. Stoneleigh Recovery Assocs.*, 2012 WL 1356752, **5-6 (E.D. Cal. Apr.

28

1    18, 2012).  Salmas's FCRA claim must be dismissed.[4]

2        **C.    Salmas Has Failed To Plead The Essential Elements Of An**
3             **FDCPA Or Rosenthal Act Claim Against PRA**

4        The Second and Third causes of action allege that PRA violated the

5    FDCPA and the Rosenthal Act.  *See* FAC (Doc. No. 20) at ¶ 60-70.  To state a

6    claim under the FDCPA, a plaintiff must not only identify the applicable section

7    of the FDCPA under which relief is sought, but must allege facts showing that the

8    different elements of the cause of action are satisfied.  *See, e.g.*, *Dokumaci v.*

9    *MAF Collection Servs.*, 2010 WL 2560024, *1 (M.D. Fla. June 17, 2010) ("In

10   order to state a claim under the FDCPA, a plaintiff must show: (1) that he has

11   been subject to collection activity arising from a consumer debt; (2) that the

12   defendant is a debt collector as defined by the FDCPA; and (3) that the defendant

13   has participated in an act or omission prohibited by the FDCPA.").  Accordingly,

14   "[t]o state a claim for violation of the Fair Debt Collection Practices Act, a

15   plaintiff must allege, *inter alia*, that . . . the defendant collecting the 'debt' is a

16   'debt collector' . . . ."  *Aquino v. Capital One Fin. Corp.*, 2008 WL 1734752, *1

17   (N.D. Cal. Apr. 14, 2008) (internal quotation marks omitted; ellipses in original);

18   *see Dokumaci*, 2010 WL 2560024 at *1.

19       Although Salmas alleges that he is a "consumer" from whom "a debt

20   collector [sought] to collect a consumer debt[,]" *see* FAC (Doc. No. 20) at ¶ 5-6,

21

22

---

23       [4]  While unclear, it appears the FAC attempts to incorporate a claim under

24   section 1785.11(a) of the Civil Code into his first cause of action.  *See* FAC 56-57.
     Salmas's attempt fails because PRA is not subject to section 1785.11.  Rather, that

25   provision applies only to "consumer credit reporting agenc[ies]."  *See* Cal. Civ. Code

26   § 1785.11; *accord Minasyan*, 2012 WL 2328242 (Order dismissing claim with
     prejudice because section 1785.11 applies to credit reporting agencies and defendants

27   were not credit reporting agencies); *see also Nikogosian*, 2012 WL 2568124 (Order
     dismissing CCRAA claim); *Pokavat*, Doc. No. 28, (Dismissing plaintiff's CCRAA

28   claim).

Salmas has not alleged facts sufficient to support this assertion.[5]  In other words, his unsupported assertion is nothing more than a bald legal conclusion, which is insufficient.  *See Stejic v. Aurora Loan Servs., LLC*, 2009 WL 4730734, *3 (D. Ariz. Dec. 1, 2009) (holding that "Plaintiff's legal conclusion that [defendant] . . . is a debt collector is insufficient to survive dismissal"); *Golden v. Wisconsin Physician's Serv. Health Ins. Corp.*, 2010 WL 5289682, **7-8 (E.D. Cal. Dec. 16, 2010) (dismissing Rosenthal Act claim where plaintiff failed to set forth facts suggesting that defendant was debt collector).  Consequently, Salmas's FDCPA and Rosenthal Act claims against PRA must be dismissed.

### D.  Salmas Has Failed To Plead Facts Sufficient To State A Claim Under The FDPCA And The Rosenthal Act

Even if Salmas had adequately alleged that PRA was a "debt collector" trying to collect a "debt," the conclusory statements contained in his FAC are insufficient to allege a cognizable claim under the FDCPA or the Rosenthal Act. Although Salmas has identified various sections of the FDCPA and the Rosenthal Act he claims PRA violated, he has failed to set forth any facts that might satisfy the elements of those claims.

### i.  Salmas's Claims Under § 1692g Of The FDCPA

Salmas says PRA "failed to send [Salmas] a written notice in violation of 15 U.S.C. § 1692g(a)" within five days after "the initial communication with a consumer in connection with the collection of any debt."  *See* FAC (Doc. No. 20)

---

[5]  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Similarly, the Rosenthal Act defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection."  Cal. Civ. Code § 1788.2(c).  "Debt collection" is "any act or practice in connection with the collection of consumer debts."  *Id.* § 1788.2(b).

at ¶ 63-64.  This claim is based on the incorrect assertion that by obtaining his consumer report, PRA "engaged in 'communications' as defined in 15 U.S.C. § 1692a(2).  *See id*. at ¶ 62.  Salmas misses the distinction between (1) a general "communication" as defined under section 1692a(2) of FDCPA and (2) the "initial communication" with a "consumer" that triggers the collector's duty to send a notice under section 1692g.

Section 1692g(a) of the FDCPA mandates that a debt collector must send the consumer with a written notice setting forth the consumer's right to dispute the debt "[w]ithin five days after its <u>initial communication</u> with a consumer in connection with the collection of any debt," or "in the initial communication" itself.  *See* 15 U.S.C. § 1692g(a) (emphasis added).  While Salmas vaguely alleges that PRA "engaged in communications[,]" numerous courts have recognized that communications with consumer reporting agencies or other third parties are not "initial communications" that trigger an obligation to send the section 1692g notice to the consumer. *See, e.g., Toth v. Cavalry Portfolio Servs., LLC*, 2013 WL 5658168 (D. Nev. Oct. 16, 2013) (defendant's communication with a consumer reporting agency is not an "initial communication" with a consumer because it is "too far removed . . . to trigger the notice requirements of § 1692g(a).")*; Robinson v. TSYS Total Debt Managment, Inc.*, 447 F. Supp. 2d 502, 508-09 (D. Maryland 2006) (summary judgment for defendant on § 1692g claim: allegation that Defendant "communicated the debt to Plaintiff's credit report," thus triggering obligation to send § 1692g notice, does not support § 1692g claim "because it is not a communication with a consumer"); *Pretlow v. AFNI, Inc.*, 2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008) (dismissing § 1692g claim where plaintiff only alleged communications between defendant and consumer reporting agencies); *Kaiser v. Braje & Nelson, LLP*, 2006 WL 1285143, *4 (N.D. Ind. May 5, 2006) (granting summary judgment on § 1692g claim where all communications were with debtor's attorney, not with debtor).

Salmas also alleges that PRA's January 23, 2013 letter to Salmas did not include the information and/or language required under section 1692g. *See* FAC (Doc. No. 20), ¶ 66(e)-(h). He says the January 23, 2013 letter was the first communication he "received" from PRA. *See id*. at ¶ 26. The claims fails, however, because Salmas has not alleged – and cannot allege in good faith – that the January 23, 2013 letter was the first communication "sent" by PRA or that PRA failed to "send" him a 1692g notification letter.

During, or within five days of, the "initial communication" with a consumer, a collector must "send" a notice to the consumer. *See* 15 U.S.C. § 1692g(a).[6] The plain language of section 1692g requires only that a notice must be "sent." *See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) ("[A] debt collector shall ... send the consumer a written notice....") (*quoting* 15 U.S.C. § 1692g(a)). Section 1692g does not require confirmation of "actual receipt by the debtor." *Id*.

Salmas cannot allege in good faith that the January 23, 2013 letter was the first communication "sent" by PRA. To the contrary, PRA's records show that it sent a letter that included the notice required under 1692g on July 25, 2005, and the letter was sent to the same address (12823 Maxwell Dr., Tustin, CA 92782) that is listed by Salmas on the FAC and that appears on the January 23, 2013

---

[6] The notice must convey, *inter alia*, the following:

(3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(3, 4).

1   correspondence attached as Exhibit "C" to the FAC.  PRA's records show that it

2   continued to send correspondence to Salmas at the same address from July 25,

3   2005 through 2013.  It is therefore no surprise that Salmas does not allege that the

4   January 23, 2013 letter was the first PRA "sent" to him.  That letter was not

5   required to include the notices set forth in section 1692g.

6       Salmas also claims that PRA failed to "properly ascertain if there was any

7   legitimate debt owed."  *See* FAC (Doc. No. 20), ¶ 67.  It appears that this is an

8   attempt to bring a claim under section 1692g(b), which states that if a debtor

9   disputes the debt within 30 days after receiving the 1692g(a) notice, the debt

10  collector must provide "verification" to the consumer by mail.  *See* 15 U.S.C. §

11  1692g(b).  This claims fails for at least two reasons.  First, Salmas does not allege

12  that he made a request for verification within thirty days of receipt of the initial

13  communication sent by PRA.  Second, even if he had done so, the letter attached

14  as Exhibit "C" demonstrates that PRA provided him with sufficient information

15  to verify his debt.

16      Verification of an alleged debt "involves nothing more than the debt

17  collector confirming in writing that the amount being demanded is what the

18  creditor is claiming is owed."  *See Clark v. Capital Credit & Collection Servs.,*

19  *Inc.*, 460 F.3d 1162, 1173-74 (9th Cir. 2006) (*quoting Chaudhry v. Gallerizzo,*

20  174 F.3d 394 (4th Cir.1999) (debt collectors do not have to "vouch for the

21  validity of the underlying debt".)

22      Exhibit "C" to the FAC includes all of the information needed to properly

23  verify a debt under section 1692g(b).  *See* FAC (Doc. No. 20), Exhibit "C."  For

24  these reasons, the claim under section 1692g(b) fails.

25          **ii.    Salmas's Claims Under § 1692e Of The FDCPA**

26      Salmas claims that PRA's January 23, 2013 letter "deliberately [hid]

27  'important information' in between two pages glued together, in order to deceive

28  and mislead Plaintiff into believing the alleged debt was legitimately owed and

1    due." *See* FAC (Doc. No. 20) ¶ 66(b).  Salmas also claims that the letter "[m]ade

2    false, deceptive, and misleading representations of the character, amount, and

3    legal status of the alleged debt, in violation of [section 1692e(2)(A) of the

4    FDCPA]." *See id*. at ¶ 66(d).[7]

5         An allegation that two pages of a letter are stuck together is not sufficent to

6    support section 1692e claim.  The remaining allegations make it clear that Salmas

7    was able to separate the pages and read the language on the second page.

8         Moreover, any alleged violation of section 1692e was not "material."  The

9    Ninth Circuit has held that only "material" false or misleading statements violate

10   the FDCPA.  *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir.

11   2010).  A "material" misstatement must be "genuinely misleading" and one that

12   "may frustrate the consumer's ability to intelligently choose his or her response"

13   to the collector's communication.  *Id*. at 1034.  *Donohue* is consistent with the

14   remedial nature of the Act, because "immaterial statements, by definition, do not

15   affect a consumer's ability to make intelligent decisions."  *Id.*  In *Donohue,* the

16   Court noted that:

17
18        In assessing FDCPA liability, **we are not concerned with mere technical
          falsehoods that mislead no one**, but instead with genuinely misleading
          statements that may frustrate a consumer's ability to intelligently choose
19        his or her response.  **Here, the statement in the Complaint did not
          undermine Donohue's ability to intelligently choose her action
20        concerning her debt.**

21   *Id*. at 1034 (emphasis added).

22        The FAC makes clear that Salmas was able to separate the pages that were

23   stuck together, determine the letter's contents, and intelligently choose his action

24   concerning the debt.  *See* FAC (Doc. No. 20), ¶ 20-22.  He elected to respond to

25

26   _____

27        [7] Section 1692e of the FDCPA prohibits the use of  "any false, deceptive, or
     misleading representation or means in connection with the collection of any debt"
28   including "the false representation of the character, amount, or legal status of any
     debt."  *See* 15 U.S.C. § 1692e, 1692e(2)(A).

1    PRA and dispute the debt. *See id*. at ¶ 28 ("Plaintiff sent a letter [in response to
2    PRA's January 23, 2013 letter] on February 27, 2013 . . . disputing this alleged
3    debt and demanding validation []."); Exhibit "B" (correspondence from Salmas to
4    PRA wherein he states "I received your correspondence attempting to collect a
5    debt [], and dispute the alleged debt in its entirety.").

6          The section 1692e claims fail.  The January 23, 2013 letter did not contain
7    any false, deceptive, or misleading statements.  The fact that pages were stuck
8    together does not constitute a violation of section 1692e, nor does Salmas's
9    allegation that he was "not familiar" with the entities stated on the letter. *See*
10   *Stricklin v. First Nat'l Collection Bureau, Inc.*, 2012 WL 1076679, *7 (S.D. Ill.
11   Mar. 30, 2012) (if consumer does not recognize original creditor, he can call or
12   write to dispute debt or to request "information regarding the original creditor").
13   His claim should be dismissed.[8]

14                **iii.    Salmas's Claims Under § 1788.17 of the Rosenthal Act**

15         Section 1788.17 of the Rosenthal Act incorporates by reference the various
16   provisions of the FDCPA. *See* Cal. Civ. Code § 1788.17.  The FAC states that
17   "[PRA] demonstrated willful and/or knowing noncompliance with [Rosenthal Act
18   § 1788.17]" and incorporates the alleged FDCPA violations discussed above. *See*
19   FAC (Doc. No. 20) at ¶ 69.  Because this section 1788.17 claim is based on the
20   alleged violations the FDCPA discussed above, all of which fail, his Rosenthal
21   Act claim fails as well.

22   //

23   //

24   _____

25         [8] The FAC also alleges that "[i]n obtaining [Salmas's] consumer report . . .
26   without a permissible purpose . . . [PRA] used false representation and deceptive
     means to collect or attempt to collect any debt and to obtain information concerning
27   a consumer."  Again, while unclear, it appears that Salmas is attempting to bring his
     claims under section 1692e of the FDCPA.  As stated above, PRA had a permissible
28   purpose to obtain Salmas's consumer report, and thus this section 1692e also fails.

IV.    **CONCLUSION**

        For the foregoing reasons, PRA respectfully requests that the Court issue
an Order dismissing the FAC, pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure.  Salmas has shown that he is unable to amend his complaint to
state a valid claim, therefore, the complaint should be dismissed with prejudice.

DATED: November 19, 2013                SIMMONDS & NARITA LLP
                                        TOMIO B. NARITA
                                        CHRISTOPHER M. SPAIN


                                        By:   s/Christopher M. Spain
                                              Christopher M. Spain
                                              Attorneys for Defendant
                                              Portfolio Recovery Associates, LLC

# EXHIBIT A

**Christopher Spain**

**From:** Christopher Spain
**Sent:** Thursday, November 14, 2013 5:09 PM
**To:** paulsalmas@gmail.com
**Subject:** Salmas v. PRA - PRA's Intent to File a Motion to Dismiss Your First Amended Complaint

Mr. Salmas,

This firm represents Portfolio Recovery Associates, LLC ("PRA") in connection with your lawsuit that is pending in the United States District Court for the Central District of California, case number 8:13-cv-00575-DOC-JPR.

Pursuant to Local Rule 7-3, I am writing to inform you that PRA intends to file a motion to dismiss the first amended complaint filed November 5, 2013 under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that your complaint fails to state a claim upon which relief can be granted.

Please call me if you wish to discuss this further.

Thank you,

Christopher M. Spain
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, California  94104
Direct line (415) 283.1012
Main Line (415) 283.1000
Fax (415) 352.2625
email:  cspain@snllp.com
www.snllp.com

********************************************************************************
This message contains information which may be confidential and privileged.
Unless you are the addressee (or authorized to receive for the addressee), you
may not use, copy or disclose to anyone the message or any information
contained in the message. If you have received the message in error, please
advise the sender by reply e-mail @snllp.com, and delete the message.
Thank you very much.
********************************************************************************

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)   **DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Paul M. Salmas
12823 Maxwell Drive
Tustin, CA 92782
*Plaintiff in pro per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California on this 19th day of November, 2013.

_____
Coral J. Cogbill