O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 13-0575-DOC (JPRx)            Date: November 25, 2013

Title: PAUL M. SALMAS v. PORTFOLIO RECOVERY ASSOCIATES, LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Portfolio Recovery Associates, LLC's ("Portfolio's") Motion to Dismiss. (Dkt. 9). The Court has considered the moving, opposing, and replying papers, and hereby GRANTS the Motion.[1]

## I. Background

The facts alleged by Plaintiff Paul M. Salmas ("Mr. Salmas") are as follows:

In September 2013, Mr. Salmas obtained credit reports from major credit reporting agencies, including TransUnion, and found entries by entities with which he was unfamiliar. Compl. ¶¶ 10, 11. After further examination, Mr. Salmas found that Portfolio had obtained a copy of his TransUnion credit report. *Id*. This discovery caused Mr. Salmas emotional distress. Compl. ¶ 15. He has never had any business dealings or any accounts with Portfolio, nor has he applied for credit or employment with Portfolio. Compl. ¶ 21. Furthermore, Mr. Salmas has never given his consent for Portfolio to acquire his consumer report. Compl. ¶ 22.

---

[1] The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; L. R. 7-15.

Mr. Salmas sent a notice to Portfolio, informing it of its violations of the Fair Credit Reporting Act ("FCRA") in an effort to mitigate damages and reach a settlement for its violations. Compl. ¶ 17. Portfolio failed to respond to the notice. *Id.*

Based on this conduct, Mr. Salmas brings three causes of action against Portfolio for violation of: (1) the FCRA 15 U.S.C. § 1681; (2) the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692; and (3) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") California Civil Code § 1788.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court has a duty to interpret *pro se* pleadings liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003). As such, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations made in *pro se* complaints are held to a less stringent standard than those made in formal pleadings drafted by professional attorneys. *See Hughes*, 449 U.S. at 9.

## III.   DISCUSSION

### A. Violation of the FCRA 15 U.S.C. § 1681

Mr. Salmas argues that Portfolio obtained his TransUnion consumer report with no permissible purpose in violation of FCRA § 1681b. Compl. ¶ 23. Portfolio argues that the credit report was pulled for a permissible purpose and that Mr. Salmas has pled himself out of his FCRA claim. Mot. at 4. The Court agrees.

To prove a violation of FCRA Section 1681b(f), plaintiffs "'must show that credit information was obtained for an impermissible purpose.'" *Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (quoting *Edge v. Professional Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999)); *see also* 15 U.S.C. § 1681b(f) (2013). Section 1681b sets forth the permissible purposes for obtaining credit information. S*ee* 15 U.S.C. § 1681b. A complaint that merely states in a conclusory fashion that defendants have no interest in a plaintiff's debt will be dismissed for failure to plausibly allege a violation of the FCRA. *See Pyle v. First Nat'l Collection Bureau*, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012).

In *Pyle*, a consumer brought a claim for violation of the FCRA against a debt collector, alleging that plaintiff "'never at any time had any business dealing or accounts with the Defendant.'" *Id*. The court, however, stated that whether or not the plaintiff ever had any business dealings with the defendant was irrelevant. *Id*. The question was whether defendant was a debt collector who obtained plaintiff's credit report in the course of seeking to collect a debt that plaintiff owed. *Id*.; *see also* 15 U.S.C. § 1681b(a)(3)(A) (2013). Because plaintiff did little more than plead a conclusory allegation that defendant had no interest in plaintiff's debt, "without establishing that defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity," the claim was dismissed. *Pyle*, 2012 WL 1413970, at *3; *see also Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107, at *3 (E.D. Cal. Nov. 8, 2011).

Like in *Pyle*, the issue in this case is not whether Mr. Salmas ever had any business dealings with Portfolio. The question is whether Portfolio was a debt collector who obtained Mr. Salmas' credit report in the course of seeking to collect a debt that Mr. Salmas owed. As in *Pyle*, Mr. Salmas does not allege that no such debt exists, or that Portfolio is not a debt collector. In fact, Mr. Salmas actually alleged that Portfolio *is* a debt collector and *did* attempt to collect on a debt. Compl. ¶¶ 8, 12. The FCRA permits a consumer report to be pulled if it is to be used in the review or collection of an account of the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A) (2013). Therefore, by alleging that the Portfolio obtained his consumer report and then attempted to collect a debt, Mr. Salmas has pled himself out of his FCRA claim by including details contrary to his claim. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Under ordinary circumstances, the Court would be satisfied that no amendment could revive this claim and would, therefore, deny leave to amend. However, given that Mr. Salmas is proceeding pro se, the Court will give him a chance to amend his complaint. Therefore, Mr. Salmas' FCRA claim is DISMISSED WITHOUT PREJUDICE.

### B. Violation of the FDCPA 15 U.S.C. § 1692

Mr. Salmas argues that Portfolio failed to send him a written notice within five days after the initial communication, in violation of the FDCPA. Compl. ¶ 27. Portfolio argues that Mr. Salmas' conclusory statements in his complaint are insufficient to allege a cognizable claim under the FDCPA. Mot. at 9. The Court agrees.

A debt collector must send a written notice setting forth the consumer's right to dispute the debt within five days after the initial communication with a consumer in connection with the collection of any debt. *See* 15 U.S.C. § 1692(g). A "communication," is defined by 15 U.S.C. § 1692(a), as the conveying of information regarding a debt directly or indirectly to any person through any medium. *See* 15 U.S.C. § 1692(a). However, "initial communication"—which triggers the notice requirement—is defined more narrowly and must be directed at the consumer, not "any person." *See* 15 U.S.C. § 1692(g). Mr. Salmas has not alleged that Portfolio made any communication to him regarding a debt. Portfolio never made an "initial communication" and, therefore, the notice requirement was not triggered.

Accordingly, Mr. Salmas' claim under the FDCPA is DISMISSED WITHOUT PREJUDICE.

### C. Violation of the RFDCPA

Mr. Salmas argues that Portfolio has demonstrated willful and/or knowing noncompliance with RFDCPA. Compl. ¶ 30.

The RFDCPA provides that, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j" of Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.  In other words, a plaintiff's claim for violation of the RFDCPA is predicated on violations of 15 U.S.C. § 1692b to 1692j.

As discussed above, Mr. Salmas failed to sufficiently allege that Portfolio violated any federal statute, including Sections 1692b to 1692j of the United States Code. Therefore, he also fails to state a claim under the RFDCPA.

Accordingly, Mr. Salmas' RFDCPA claim is DISMISSED WITHOUT PREJUDICE.

### IV. DISPOSITION

For the foregoing reasons, the Court GRANTS Portfolio's Motion to Dismiss all the claims in Mr. Salmas' action.  Mr. Salmas' claims for violation of the FCRA, FDCPA and RFDCPA are all DISMISSED WITHOUT PREJUDICE.

Mr. Salmas may file an Amended Complaint, if at all, on or before January 6, 2014.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                              Initials of Deputy Clerk: jcb